J-A12024-19

2019 PA Super 238

| LICO, INC. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| ADAM DOUGAL D/B/A PATRIOT | : | No. 1335 WDA 2018 |
| SUPPLY | : | |
| v. | : | |
| | : | |
| | : | |
| SAMUEL LICHTENSTEIN | : | |

Appeal from the Order Entered August 22, 2018
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD 17-11735

BEFORE: BENDER, P.J.E., DUBOW, J., and FORD ELLIOTT, P.J.E.

OPINION BY DUBOW, J.: **FILED AUGUST 9, 2019**

In this appeal, Appellant, Lico, Inc., appeals from the trial court's August 22, 2018 Order denying Appellant's Motion for Special and Preliminary Injunction in which it sought to enforce its non-compete agreement with Appellee, Adam Dougal.[1] For the reasons discussed below, we dismiss this appeal as moot.

The facts and procedural history, as gleaned from the record, are as follows. Appellant, located in McKeesport, manufactures, sells, and distributes janitorial and paper good supplies. In June 2006, Appellant hired Appellee to

_____

[1] An order denying a preliminary injunction is interlocutory appealable as of right. Pa.R.A.P. 311(a)(4).

work as a salesman in the McKeesport area. Appellee's compensation package consisted of a straight salary plus an additional 10% commission if he reached $250,000 in sales.

Five years later, in 2011, Appellant received information that Appellee had begun working for a competitor on the side. Instead of terminating Appellee's employment, Appellant allowed Appellee to remain employed in exchange for Appellee signing a non-compete agreement. The non-compete agreement had a two-year term beginning when his employment terminated and restricted Appellee from working within a 100-mile radius of McKeesport during that two-year period. Appellee signed the non-compete agreement on March 24, 2011.

Appellee remained employed by Appellant until he resigned on July 3, 2017. Following Appellee's resignation, Appellant contacted Appellee's customers to inform them that Appellee had resigned. Appellant then learned that Appellee had continued to service Appellant's customers by starting a new company.

On August 22, 2017, Appellant filed a Complaint raising claims of Tortious Interference with Business Relations and Unfair Competition. Appellee filed an Answer with New Matter and a Counterclaim on November 22, 2017. On February 27, 2018, Appellant filed the instant Motion for Special Relief and Preliminary Injunction.

After a one-day hearing, the trial court denied Appellant's Motion on April 11, 2018. Appellant requested, and the court granted reconsideration of

its Order. Following an additional hearing, on August 22, 2018, the trial court confirmed its April 11, 2018 Order denying Appellant injunctive relief.

This timely appeal followed. Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Appellant raises the following two issues on appeal:

1. Assuming as the lower [c]ourt did[] that the increase in [Appellee's] compensation and commission package in 2011 was valid consideration for the non-compete agreement, did the [t]rial [c]ourt err in determining that the compensation package was materially changed before [Appellee's] separation from [Appellant,] thus causing the consideration to fail?

2. Did the lower [c]ourt err in determining that [Appellant's] change in [Appellee's] compensation package to a straight commission with a retraction of health benefits was a material change in [Appellee's] terms of employment thus voiding the non-compete agreement?

Appellant's Brief at 3.

Before we address the merits of Appellant's claims, we must first determine whether these issues are properly before us. Appellant appealed only from the denial of his Motion for injunctive relief, a motion he based on the non-compete agreement. Because the non-compete agreement expired on July 3, 2019, this appeal is moot.

> An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law[.] In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

* * *

- 3 -

> Nevertheless, this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

*In re R.D.*, 44 A.3d 657, 680 (Pa. Super. 2012) (citations omitted).

The instant appeal arises from the trial court's determination that the non-compete agreement is not enforceable. By its own terms, the agreement was enforceable for two years after Appellee left Appellant's employment. Appellee resigned from Appellant on July 3, 2017. Therefore, the non-compete agreement expired on July 3, 2019. Accordingly, Appellant's challenge to the denial of injunctive relief that was based only on the enforceability of the non-compete agreement is moot. *See*, *e.g.*, *Gordon v. Phil. County Dem. Exec. Comm.*, 80 A.3d 464, 473 (Pa. Super. 2013) (finding third-party challenges to use of particular rule to remove committee member moot where committee reinstated member); *R.D.*, *supra* at 680 (finding a challenge to a juvenile court judge's remarks at dispositional hearing moot where juvenile was no longer in placement); *Scranton School Dist. v. Scranton Fed'n of Teachers*, 282 A.2d 235 (Pa. 1971) (finding appeal from order granting preliminary injunction prohibiting a teachers' strike moot after the parties executed a collective bargaining agreement resolving the controversy).

Our review of the record demonstrates that none of the exceptions applies. *See In re R.D.*, *supra* at 680. This matter is a private dispute

revolving around the enforcement of a non-compete agreement in the contract of a single former employee. It involves no issue of public importance. *Cf. In re Estate of Border*, 68 A.3d 946, 954 (Pa. Super. 2013) (finding that appeal from denial of preliminary injunction staying order removing guardian was technically moot following death of patient, but holding it concerned matter of public importance, the removal of life support from incapacitated patient). Moreover, because Appellant no longer employs Appellee, the question of the enforceability of a clause in the employment contract between them will not arise again. *See Commonwealth v. Buehl*, 462 A.2d 1316, 1319 (Pa. Super. 1983) (internal quotation marks and citations omitted) (explaining that "a case is capable of repetition, yet evading review when (1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party [will] be subjected to the same action again").

Lastly, Appellant will not suffer any detriment without this Court's decision. Appellant sought injunctive relief to enforce the non-compete agreement, and that agreement has now expired; Appellant cannot enforce the clause now.

This Court has observed, "[a]n issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Rivera v. Pa. Dept. of Corr.*, 837 A.2d 525, 527 (Pa. Super. 2003) (citation omitted). Appellant sought to enforce a non-compete agreement that has since expired. Thus, any ruling by this Court would have no force or

effect.  **See Gordon**, **supra** at 473; **R.D., supra** at 680.  The issue herein is moot, and we, thus, dismiss the appeal.

Appeal dismissed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/9/2019