J-S50045-19

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| IN RE: T.M.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: K.R., NATURAL MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 902 WDA 2019 |

Appeal from the Order Entered May 10, 2019
In the Court of Common Pleas of Clearfield County Orphans' Court at
No(s): No. 3438-2017

| | | |
|---|---|---|
| IN RE: K.W. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| APPEAL OF: K.R., NATURAL MOTHER | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | No. 903 WDA 2019 |

Appeal from the Order Entered May 10, 2019
In the Court of Common Pleas of Clearfield County Orphans' Court at
No(s): 3439-2017

BEFORE: LAZARUS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: FILED MARCH 11, 2020

Before this Court are two appeals by Appellant, K.R. (Mother), from orders entered May 10, 2019 that involuntarily terminated her parental rights to her children, T.M.W., born 2010, and K.W., born 2013 (collectively,

_____

[*] Retired Senior Judge assigned to the Superior Court.

J-S50045-19

Children), pursuant to the Adoption Act.[1] For the reasons set forth below, we dismiss Mother's appeal as moot.

On September 20, 2017, the Clearfield County Children, Youth and Family Services (Agency) filed petitions to involuntarily terminate Mother's parental rights to Children. On February 12, 2018, following a hearing, the orphans' court entered an order terminating Mother's parental rights to Children, which Mother appealed. In a September 6, 2018 memorandum decision, this Court vacated the orphans' court's order and remanded to allow (i) Children's appointed legal counsel to ascertain Children's preferred outcomes and communicate them to the court, (ii) the Agency to present additional evidence related to Section 2511(b) of the Adoption Act, 23 Pa.C.S. § 2511(b), and (iii) the orphans' court to conduct a sufficient Section 2511(b) analysis. On May 10, 2019, following a remand hearing, the orphans' court entered orders again involuntarily terminating Mother's parental rights to Children, which Mother likewise appealed. On October 11, 2019, we issued a memorandum decision vacating the May 10, 2019 orders, finding that the Agency and the orphans' court did not comply with Section 2511(b). We therefore remanded a second time, with direction that the orphans' court conduct an additional hearing within 45 days and issue an order and opinion stating its findings and conclusions within 15 days of the remand hearing.

_____

[1] 23 Pa.C.S. §§ 2101-2938.

According to information and documents provided by the orphans' court, Mother agreed at a November 22, 2019 remand hearing to voluntarily terminate her parental rights to Children, and signed consent forms to that effect. The Agency then filed petitions to confirm the consents, and, on February 25, 2020, the orphans' court entered orders granting the Agency's petitions and voluntarily terminating Mother's parental rights to Children.

We conclude that the events on remand subsequent to our October 11, 2019 decision have rendered the appeals moot.

> As a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

In the Interest of L.T., 158 A.3d 1266, 1284 (Pa. Super. 2017) (citation omitted). Here, the orphans' court's February 25, 2020 orders resolved the issue of Mother's parental rights to Children, terminating her rights. Thus, the issue raised in these two appeals have been resolved, and no actual controversy exists for this Court to resolve. Accordingly, we dismiss these two appeals as moot.[2]

_____

[2] Exceptions to the mootness doctrine exist where (i) the case involves a question of great public importance, (ii) the question presented is capable of repetition and apt to elude judicial review, or (iii) a party to the controversy will suffer some detriment due to the decision of the trial court. Lico, Inc. v. Dougal, 216 A.3d 1129, 1132 (Pa. Super. 2019). None of these considerations are present in the instant dispute.

The February 25, 2020 Orders of the orphans' court confirming the voluntary termination of Mother's parental rights, received by this Court on February 27, 2020 in Docket Nos. 902 WDA 2019 and 903 WDA 2019, shall be considered supplemental certified records to this Court in each respective docket number.

Appeals dismissed.   Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/10/2020