J-S49017-20

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | | |
|---|---|---|
| C.S. MCKEE, L.P., MARK R. GENSHEIMER, BRYAN R. JOHANSON, EUGENE M. NATALI, JR., MICHAEL P. DONNELY, BOYD M. HANSON, BRIAN S. ALLEN, JACK P. WHITE, ROBERT M. ROSSI, KENNETH GOTWALD, MICHAEL J. DONNELLY, NANCY BANKER, SHANE NICKOLICH, JEFFREY R. DAVIDEK, LEONARD J. BOSS, KELLY L. LESKO, ZACHARY K. HUBERT, MARY JO MANNING, THERESA L. COSTANZO, LORI A. BOLLMAN, AND ANDREW M. FADEREWSKI, INDIVIDUAL AND PARTNERS OF, AND ON BEHALF OF, C.S. MCKEE, L.P. | : : : : : : : : : : : : : : : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA<br><br><br><br>No. 764 WDA 2019 |
| v. | : : : | |
| C.S. MCKEE, LLC AND GREGORY M. MELVIN | : : : : : : | |
| v. | : : : : | |
| EUGENE M. NATALI, SR. | : : : : | |
| APPEAL OF: GREGORY M. MELVIN | : | |

Appeal from the Order Entered May 15, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s):  G.D. 16-017494

| | | |
|---|---|---|
| C.S. MCKEE, L.P., MARK R. GENSHEIMER, BRYAN R. JOHANSON, EUGENE M. NATALI, JR., MICHAEL P. DONNELY, BOYD M. HANSON, BRIAN S. ALLEN, JACK P. WHITE, ROBERT M. ROSSI, KENNETH GOTWALD, | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |

MICHAEL J. DONNELLY, NANCY    :
BANKER, SHANE NICKOLICH,    :
JEFFREY R. DAVIDEK, LEONARD J.    :     No. 765 WDA 2019
BOSS, KELLY L. LESKO, ZACHARY K.    :
HUBERT, MARY JO MANNING,    :
THERESA L. COSTANZO, LORI A.    :
BOLLMAN, AND ANDREW M.    :
FADEREWSKI, INDIVIDUAL AND    :
PARTNERS OF, AND ON BEHALF OF,    :
C.S. MCKEE, L.P.    :
   :
   :
    v.    :
   :
   :
C.S. MCKEE, LLC AND GREGORY M.    :
MELVIN    :
   :
   :
    v.    :
   :
   :
EUGENE M. NATALI, SR.    :
   :
   :
APPEAL OF: GREGORY M. MELVIN    :

Appeal from the Order Entered May 3, 2019
In the Court of Common Pleas of Allegheny County Civil Division at
No(s): GD-16-017494

BEFORE: OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY DUBOW, J.:          FILED NOVEMBER 17, 2020

Appellant, Gregory M. Melvin, appeals pro se from Orders entered on May 3, 2019, and May 15, 2019, which granted an emergency injunction that prohibited Appellant from engaging in conduct adverse to ongoing

_____

[*] Former Justice specially assigned to the Superior Court.

- 2 -

negotiations between C.S. McKee, L.P. ("C.S. McKee") and its potential buyer, TriState Capital Holdings, Inc. ("TriState"). On May 16, 2019, TriState terminated the negotiations, and on September 16, 2019, the trial court formally dissolved the injunction. Thus, we dismiss this appeal as moot.[1]

The underlying action, which commenced on September 16, 2016, is a dispute in the business operations of C.S. McKee.[2] On July 9, 2018, the trial court appointed a Custodian to oversee operations and to consider offers from third parties interested in the purchase or acquisition C.S. McKee.

On April 25, 2019, the Custodian signed a confidential agreement outlining preliminary terms and conditions for the sale of C.S. McKee's assets to TriState. Before sharing the terms and conditions with the limited partners, the Custodian requested that they sign a "confidentiality acknowledgment." Appellant refused and sought to undermine the potential sale. He approached TriState officers directly, indicated that he would not consent to the sale, and threatened to sue TriState and its board of directors.

On May 3, 2019, the Custodian filed "The Custodian's Emergency Motion for an Injunction to Prevent Disclosure by Mr. Melvin, Mr. Melvin's Immediate Family and/or 'The Committee to Keep C.S. McKee Independent'" seeking to enjoin Appellant from any public disclosure of the ongoing negotiations as well

_____

[1] This Court sua sponte consolidated these appeals.

[2] At the outset of the litigation, Appellant was the chief investment officer and a limited partner of C.S. McKee. The limited partnership was managed and controlled exclusively by its sole general partner, C.S. McKee, LLC. Appellant is one of two equal members of the general partner.

as any conduct detrimental to TriState's potential acquisition of C.S. McKee. On the same day, following a hearing, the trial court granted the Emergency Motion and granted attorney's fees to the Custodian. On May 9, 2019, Appellant filed a "Motion to Dissolve Invalid and Inoperative Emergency Injunction[.]" On May 15, 2019, following a second hearing, the trial court denied Appellant's Motion.

On May 16, 2019, TriState terminated negotiations. On July 18, 2019, during the pendency of this appeal, the Custodian filed "The Custodian's Motion to Dissolve Paragraphs A, B, and C of the Court's May 3, 2019 Order Pursuant to Pa.R.Civ.P. 1531(c) and to Release the Bond Directed by the Court's May 15, 2019 Order" on the ground that TriState's termination had rendered such relief moot. On September 16, 2019, the trial court granted the Custodian's Motion and ordered, "[T]he injunctive relief set forth in paragraphs A, B, and C of the Court's May 3, 2019 [Order] is dissolved." Trial Ct. Order, 9/16/19, at 2.

In this timely appeal, Appellant raises several procedural challenges to the trial court's decision to grant the injunction.[3] However, before we address

_____

[3] Appellant asserts that the trial court erred when it (1) granted Custodian's Emergency Motion following an ex parte hearing without proper notice; (2) failed to require that the Custodian secure the injunction with a bond; and (3) failed to schedule a "freedom of expression" hearing pursuant to Pa.R.Civ.P. 1531(f) within three days of Appellant's demand. See Appellant's Br. at 3-4. Appellant did not preserve an issue challenging the substance of the injunction, nor did he preserve any claim regarding the trial court's grant of attorney's fees. See id.; see also Appellant's Pa.R.A.P. 1925(b) Statement, 6/3/19.

- 4 -

the merits of Appellant's claims, we must first determine whether these issues are properly before us.

Generally, an actual case or controversy must exist at all stages of the judicial process. Johnson v. Martofel, 797 A.2d 943, 946 (Pa. Super. 2002). "An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law." Lico, Inc. v. Dougal, 216 A.3d 1129, 1132 (Pa. Super. 2019) (citation omitted). "An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." Id.

When the issues raised by an appellant are moot, we will dismiss the appeal. See, e.g., id. at 1133 (dismissing appeal where appellant sought to enforce a non-compete agreement that had since expired); Scranton Sch. Dist. v. Scranton Fed'n of Teachers, 282 A.2d 235, 235-36 (Pa. 1971) (dismissing appeal where preliminary injunction prohibiting union strike was moot after parties executed a collective bargaining agreement).[4]

In this case, to ensure that negotiations between the Custodian and TriState remained confidential, the trial court enjoined Appellant from publicly disclosing the negotiations or engaging in conduct detrimental to TriState's potential acquisition of C.S. McKee. On May 16, 2019, TriState terminated

---

[4] Despite Appellant's bald and erroneous assertions to the contrary, see Appellant's Br. at 14, the rare exceptions to the mootness doctrine are irrelevant here. See Lico, 216 A.3d at 1132 (listing exceptions).

those negotiations. This change in the facts of the case rendered any dispute about the injunction moot. Further, on September 16, 2019, recognizing that Appellant could no longer interfere with TriState's potential acquisition of C.S. McKee, the trial court formally dissolved the injunction. For these reasons, there is no longer an actual controversy, and we dismiss the appeal.

Appeal dismissed.

Judge Olson did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/17/2020