J-A28003-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| MARC E. GOLDBERG, AS EXECUTOR OF THE ESTATE OF CANDACE SMITH AND GARLAND OF LETTERS, INC. | : : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| JAMES L. GIOVINETTI AND ALL UNKNOWN TENANTS AND/OR OCCUPANTS | : : : : : : | No. 440 EDA 2023 |
| APPEAL OF: JAMES L. GIOVINETTI | : | |

Appeal from the Order Entered February 6, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  210302938

BEFORE:   OLSON, J., STABILE, J., and COLINS, J.[*]

MEMORANDUM BY OLSON, J.:                    **FILED DECEMBER 4, 2023**

In this ejectment action, Appellant, James L. Giovinetti, appeals *pro se* from the February 6, 2023 order entered in the Court of Common Pleas of Philadelphia County granting, in part, the emergency motion for a preliminary injunction filed by Marc E. Goldberg, as Executor of the Estate of Candace Smith and Garland of Letters, Inc. ("Smith").[1]  We dismiss this appeal as moot.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] A review of Smith's emergency motion for a preliminary injunction reveals that Smith requested, *inter alia*, possession of the entire three-story building at issue, including the first-floor retail space and the second-floor and third-floor apartment spaces.  Emergency Motion for Preliminary Injunction, 1/23/23, at ¶44.  The trial court granted the requested relief, in part, by

The trial court summarized the factual and pertinent procedural history as follows:

[Smith is] the owner of [a property located] in Philadelphia[, Pennsylvania.] The property is a three-story building with an art studio on the first floor and residential apartments on the second and third floors. [Candace Smith] initiated [an] ejectment action on March 30, 2021, alleging that [Appellant was] in possession of the property and had no legal right to be there. While the action was pending, [Candace Smith] died. Marc E. Goldberg, as [Executor] of [Candace Smith's] estate was substituted as the plaintiff. Contentious litigation continued through 2022[,] and into 2023. In January 2023, while the scheduling of a non-jury trial was pending, [Smith] filed [an emergency] motion for [a] preliminary injunction[,] seeking to have [Appellant] removed from the property due to alleged illegal activity.

On February 6, 2023, following a hearing and oral argument, [the trial] court issued an order that granted [Smith] control of the first-floor art studio until the conclusion of the non-jury trial, at which time the outcome of the trial would control which party [was] entitled to possession. [On February 17, 2023, Appellant] filed [a] timely appeal[.[2]]

_____

ordering Appellant to turnover possession of the first-floor retail space to Smith. Trial Court Order, 2/6/23, at ¶1. The trial court, however, denied Smith's request for possession of the second-floor and third-floor apartment spaces. *Id.* at ¶6 (stating, this order "does not impact the apartments located on the [s]econd or [t]hird [f]loors [of the property]").

[2] On February 17, 2023, Appellant filed a notice of appeal challenging the February 6, 2023 order granting, in part, a preliminary injunction. In its February 6, 2023 order, the trial court, *inter alia*, authorized Smith "to take any and all steps to secure the [f]irst [f]loor [of the property.]" Trial Court Order, 2/6/23, at ¶1. On February 17, 2023, the trial court amended the scope of the February 6, 2023 order by providing additional detail pertaining to the methods Smith could employ to gain possession, *i.e.*, install an electronic keypad entry system or utilize the services of a locksmith, and designated the hours during which Appellant may gain access to the first floor

On June 30, 2023, following a non-jury trial, the [trial court, *inter alia*,] awarded possession of the property to [Smith.]

Trial Court Opinion, 7/11/23, at 1-2 (unpaginated) (extraneous capitalization omitted).

On appeal, Appellant challenges the trial court's order granting, in part, Smith's request for a preliminary injunction. **See** Appellant's Brief at 8. A review of the record reveals, however, that the preliminary injunction was dissolved on June 30, 2023, when the trial court entered a non-jury verdict in favor of Smith on, *inter alia*, the ejectment action. **See** Trial Court Order, 2/6/23, at ¶8 (stating, "[the preliminary] injunction shall dissolve at the conclusion of the [n]on-[j]ury [t]rial in this matter"); **see also** Trial Court

---

of the property. **Compare** Trial Court Order, 2/17/23, at ¶¶1-3 **with** Trial Court Order, 2/6/23, at ¶¶2, 5.

Because the trial court, in its February 17, 2023 order, did not reconsider the merits of its previous order granting, in part, the preliminary injunction but, rather, clarified the scope of the preliminary injunction and the methods by which its purpose could be effectuated, this Court's jurisdiction over the appeal of the February 6, 2023 order is not impeded by the issuance of the February 17, 2023 order. **See Maritrans G.P., Inc. v. Pepper, Hamilton & Scheetz**, 572 A.2d 737, 740 (Pa. Super. 1990) (stating, where the trial court did not grant reconsideration of the preliminary injunction but, rather, simply clarified the scope of the preliminary injunction, this Court's jurisdiction over the appeal is not impeded), *rev'd on other grounds*, 602 A.2d 1277 (Pa. 1992); **see also** Pa.R.A.P. 1701(b)(3) (stating, "[w]here a timely order of reconsideration is entered [pursuant to Rule 1701(b)(3)], the time for filing a notice of appeal or petition for review begins to run anew after the entry of the decision on reconsideration").

Both Appellant and the trial court complied with Pennsylvania Rule of Appellate Procedure 1925.

Order, 6/30/23, at ¶1. Because the preliminary injunction was dissolved on June 30, 2023, any ruling by this Court would have no force or effect. Therefore, Appellant's appeal is moot.[3] *See Lico*, 216 A.2d at 1133; *see also Sch. Dist. of the City of Scranton v. Scranton Fed'n of Teachers, Local No. 1147*, 282 A.2d 235, 236 (Pa. 1971) (dismissing an appeal from an order granting a preliminary injunction as moot after the parties executed an agreement resolving the controversy). Consequently, we dismiss Appellant's appeal.

Appeal dismissed. Case is stricken from the December 12, 2023 argument list.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/4/2023

---

[3] "An issue before [this Court] is moot if in ruling upon the issue [this Court] cannot enter an order that has any legal force or effect." *Lico, Inc. v. Dougal*, 216 A.3d 1129, 1132 (Pa. Super. 2019).

- 4 -