J-S38017-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| CHERYL RUSS | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| HERMAN LIVING, LLC, AND KNE II, | : | No. 47 EDA 2024 |
| LLC | : | |

Appeal from the Order Entered December 20, 2023
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s):  221200858

BEFORE:   STABILE, J., BECK, J., and STEVENS, P.J.E.*

MEMORANDUM BY BECK, J.:                    **FILED DECEMBER 20, 2024**

Cheryl Russ ("Russ") appeals from the order entered by the Philadelphia County Court of Common Pleas ("trial court") granting a preliminary injunction in favor of Herman Living, LCC ("Herman Living") and KNE II, LLC ("KNE") (collectively "Defendants"), allowing them to temporarily access the exterior of Russ' property to repair damage to the party wall adjoining Russ' and Herman Living's properties.  Because we find the issues Russ raises to be moot by virtue of the completion of the repairs to the party wall, we dismiss this appeal.

The trial court summarized the factual and procedural histories of this case as follows:

_____

* Former Justice specially assigned to the Superior Court.

[Russ] is the owner of [a property] in Philadelphia. [Herman Living] is the new owner of [an adjacent property] in Philadelphia. The properties are separated by a party wall. [KNE] is the general contractor hired by [Herman Living] to perform construction work at [its property]. On May 17, 2023, [Russ] filed [a] complaint against Defendants alleging that the construction was causing damage to her property. The new construction at [Herman Living's property] is three stories, while [Russ'] property is two stories. The house at [Herman Living's property] had previously been two stories. This project required KNE to extend the party wall between [Russ' property] and [Herman Living's property] to a third story. [Russ] alleged that, among other problems, the construction of the new third-story party wall was causing damage to her property.

On November 9, 2023, Defendants filed an emergency motion for a preliminary injunction requesting access to [Russ'] property (including her roof) to allow them to perform repairs to the wall. Defendants argued that the wall was damaged and required immediate repair to prevent further damage to the properties. Defendants allege[d] they had repeatedly requested access to [Russ'] property starting in June 2023, but [Russ] denied or ignored the requests. Defendants argued they needed to fix the wall to prevent water damage, mold damage, and pest intrusion into both properties. Defendants requested one week to fix the wall.

[The trial court] held a hearing on the preliminary injunction issue. Kyle Earthman [("Earthman")], the owner of KNE, testified that [Herman Living's property] has suffered significant mold growth due to the water infiltration after [sic] the exposed party wall and there is significant rot that's occurring currently on the party wall as a result of not being able to seal up the party wall. Additionally, he explained how the water is coming in. He stated that the party wall is not sealed, the water goes between the party wall and has nowhere to go and so it finds its way into the building. He also stated because they have not been able to finish the siding inside the building there is wind-driven rain against the exposed sheathing, it finds its way through the seams in the exposed sheathing and into the building.

[Earthman explained that] even though [they repaired the water damage], there's a very good chance that this problem is going to happen again, that [they]'re going to see further mold in

this building. He was not aware if there has been damage to the inside of [Russ' property] because [Russ] has refused to grant them access. Moreover, he testified that they are not able to complete construction of [Herman Living's property] without sealing the party wall, and that [Herman Living's property] is not habitable without completing construction. Finally, he testified that cold temperatures can exacerbate the issue and cause more permanent damage to the foundations of both properties, but sealing the properties would alleviate the risk.

\* \* \*

On December [20], 2023, after having heard the evidence and testimony at oral argument, [the trial court] granted [Defendants'] preliminary injunction. The order granted [Defendants] access to the exterior roof of [Russ'] property as necessary to remedy the problems but subject to limitations set forth in the order. The order limited [Defendants'] access to [Russ'] roof to a total of five (5) days between the hours of [8:00 a.m. and 5:00 p.m.] Additionally, pursuant to the order, Defendants deposited a bond in the sum of $10,000 with [the trial court].

On December 22, 2023, [Russ] appealed [the trial court's] December [20] order to the Superior Court of Pennsylvania. Additionally, on December 26, 2023, [Russ] filed a motion for reconsideration [and stay] of [the trial court's] December [20] order, which [the court] denied on January 24, 2024, pursuant to Pa.R.[A.]P. 1701 (which prevents [the trial court] from considering the merits of [Russ'] motion for reconsideration because [she] had already filed an appeal with the Superior Court).

On January 10, 2024, [the trial court] ordered [Russ] to file and serve a consolidated concise statement of errors complained of on appeal, which [she] did on January 31, 2024.

Trial Court Opinion, 5/2/2024, at 2-5 (record citations, quotation marks, and

original brackets omitted).

Russ presents the following issues for review:

I. Whether the [trial] court erred in granting a preliminary injunction authorizing access and permanent improvements to [Russ'] real property?

II. Whether the trial court erred in considering [Defendants'] motion for a preliminary injunction before [Defendants] ever raised a counterclaim for injunction?

III. Whether the [trial] court erred in denying [Russ'] motion for reconsideration of the order granting the preliminary injunction or in the alternative motion to stay the injunction pending appeal?

Russ' Brief at 5 (unnecessary capitalization omitted).

As a preliminary matter, we must address whether Russ' claims are moot, as Defendants claim they completed the repairs to the party wall in January 2024.[1] *See* Defendants' Brief at 15 n.2, 19 n.4. "[O]ur courts cannot decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given." *Sayler v. Skutches*, 40 A.3d 135, 143 (Pa. Super. 2012) (citation omitted).

"As a general rule, an actual case or controversy must exist at every stage of the judicial process[.]" *Id.* (citation omitted).

> An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

---

[1] Although neither party has raised the question of mootness, we note that "[w]e may address mootness sua sponte." *M.B.S. v. W.E.*, 232 A.3d 922, 927 (Pa. Super. 2020).

- 4 -

> Nevertheless, this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

*Lico, Inc. v. Dougal*, 216 A.3d 1129, 1132 (Pa. Super. 2019) (citation and brackets omitted).

In this case, the trial court order granting Defendants' request for a preliminary injunction directed Defendants to complete the work necessary to repair the party wall no later than January 3, 2024. *See* Trial Court Order, 12/20/2023, ¶ 3. Additionally, the trial court denied Russ' motion to stay the preliminary injunction pending the outcome of this appeal, *see* Trial Court Order, 1/24/2024, and Russ made no such request before this Court. The record therefore supports Defendants' claim that they have already completed work on the party wall, and Russ concedes that the work was, in fact, completed. *See* Defendants Brief at 15 n.2, 19 n.4; Russ' Brief at 28.

As such, an intervening change in the facts of the case has rendered this Court unable to enter an order that has any legal force or effect. Even if we were to rule in favor of Russ, we cannot prevent Defendants from entering Russ' property nor can we preclude them from making improvements to the party wall, as these actions have already occurred. *See Dougal*, 216 A.3d at 1132. Indeed, our Supreme Court has long recognized that appeals seeking to overturn decisions relating to injunctions are moot where the action the

appellant sought to prevent had already occurred, and there was no way to grant the appellant equitable relief by reversing the lower court's decision. *See, e.g.*, *Allen v. Birmingham Twp.*, 244 A.2d 661 (Pa. 1968) (holding that an appeal from an unsuccessful request for an injunction by township residents to prevent excavation of residential property for commercial purposes was moot because excavation had already occurred); *Strassburger v. Phila. Record Co.*, 6 A.2d 922 (Pa. 1939) (concluding that an appeal from a denial of a preliminary injunction to prevent an annual meeting of the shareholders of Philadelphia Record Company from occurring was moot once that annual meeting took place); *see also Sigal v. Manufacturers Light & Heat Co.*, 299 A.2d 646, 648 (Pa. 1973) (explaining that in *Allen* and *Strassburger* the determination that the denial of the injunctions in those cases were moot was not merely because the events the appellants sought to enjoin had occurred, "but because any relief, other than injunctive relief, would have been inappropriate" and there were not "any other circumstances which required equitable relief").

If we were to overturn the trial court's grant of a preliminary injunction in favor of Defendants, the only conceivable relief we could order would be the removal of the improvements Defendants made to the party wall. Such a ruling, however, could only potentially harm Russ, as it would require this Court to once again permit Defendants to access her property and to force them to undo the work done to repair the damaged party wall.

Indeed, Russ does not ask this Court to order Defendants to undo the repairs to the party wall. *See* Russ' Brief at 28. Instead, the only relief Russ seeks is for this Court to reverse the order granting the preliminary injunction and to remand the case "with instruction that the parties engage is [sic] discovery and litigation on [Defendants'] ability to made [sic] improvements to their property in a manner that complies with the legal rights of [Russ.]" *Id.* Thus, Russ does not request this Court to take any action that would afford her any kind of equitable legal benefit, but instead appears to ask this Court to direct the trial court to continue litigation in this matter consistent with Russ' legal rights. *See id.* Accordingly, we conclude that Russ' challenge to the trial court's grant of Defendants' preliminary injunction is moot.

We further conclude that this case does not satisfy any of the three exceptions to the mootness doctrine. *See Dougal*, 216 A.3d at 1132. First, this case does not involve a question of great public importance, as it is case between private parties involving a claim for damages to Russ' property that Defendants allegedly caused during the process of tearing down and rebuilding Herman Living's property. Second, the question at issue is not one that is capable of repetition and likely to elude appellate review. The underlying claim for property damages in this case is an ongoing interpersonal dispute between Russ and Defendants and the only reason Defendants needed to access Russ' property was to repair the shared party wall—the only shared structure between the two properties. The work on the party wall is complete,

and the parties have not indicated any further need for Defendants to access Russ' property. *See* Defendants' Brief at 15 n.2, 19 n.4; Russ' Brief at 28. Finally, there is no detriment to Russ that we could remedy in reversing the trial court's grant of a preliminary injunction. In fact, as we previously explained, such action would likely only harm Russ, and Russ does not request this relief.[2]

Based on the foregoing, the questions Russ raises before this Court regarding the preliminary injunction are moot, as any decision we would issue would be advisory, having no legal force or effect. *See Dougal*, 216 A.3d at 1132. Accordingly, we must dismiss this appeal. *See id.* at 1133.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 12/20/2024

---

[2] We emphasize that our decision in this case in no way impedes Russ from recovering for damages, if any, that Defendants may have caused throughout the course of the work done on Herman Living's property.

- 8 -