J-A21044-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| CHAD BATTERMAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| SILVIA SANTO | : | No. 247 EDA 2024 |

Appeal from the Order Entered November 30, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s):  2019-06877

BEFORE:  KUNSELMAN, J., NICHOLS, J., and BECK, J.

MEMORANDUM PER CURIAM:                    **FILED JANUARY 15, 2025**

Chad Batterman ("Batterman") appeals pro se from the order entered by the Montgomery County Court of Common Pleas ("trial court") denying his petition for leave to proceed in forma pauperis ("IFP").  Batterman argues the trial court abused its discretion in denying his IFP petition and that the trial judge should have recused himself.  Upon review, we affirm.

Batterman and Silvia Santo ("Santo") were married in November 2014, had two children together during the marriage, and were divorced on August 22, 2023.  Both parties have filed numerous and sometimes repetitive petitions relating to, inter alia, the custody of the children, child support payments, and contempt of the opposing party.  Notably, Batterman has continually sought IFP status and has filed multiple appeals regarding denials of his IFP petitions.  On October 5, 2023, the trial court held a hearing on

eight pending IFP petitions. The trial court heard testimony and Batterman presented records to support his request for IFP status. Ultimately, the trial court denied Batterman's IFP petitions.

Relevant herein, on October 20, 2023, Batterman filed a "Petition for the Court to Mail Father Orders of the Court and Mail a Copy of Every Order to Father Since August 1, 2023" (hereinafter referred to as "Petition for Court Orders"). On October 24, 2023, the trial court denied Batterman's Petition for Court Orders. On November 22, 2023, Batterman filed a timely notice of appeal, and a contemporaneous petition to proceed IFP on appeal. On November 30, 2023, the trial court denied the petition to proceed IFP on appeal, utilizing its findings from the October 5, 2023 hearing.[1] Ultimately, this Court quashed Batterman's appeal from the October 24, 2023 order denying his Petition for Court Orders, finding no case or controversy for this Court to review. *See Batterman v. Santo*, 3156 EDA 2023 (Pa. Super. Jan. 19, 2024) (per curiam order).

---

[1] The trial court rejected Batterman's IFP claim, finding Batterman had resources to pay the fees as contemplated by Pennsylvania Rule of Civil Procedure 240. Trial Court Opinion, 2/2/2024, at 4-5. The trial court noted that it had conducted a hearing on his then-pending eight IFP petitions on October 5, 2023, and a new hearing on the instant IFP petition was unnecessary because it was an exact copy of Batterman's prior petitions and he did not assert any change in his financial situation from the October 5, 2023 hearing. *Id.* at 2-3. The trial court specifically highlighted that Batterman's mother testified that she and Batterman's father pay for Batterman's expenses, purge conditions for various contempt findings, and court filing fees. *Id.* at 3-4.

On January 2, 2024, Batterman filed a timely notice of appeal[2] from the denial of his petition to proceed IFP, and another petition for leave to proceed IFP on that appeal. The trial court denied Batterman's January 2, 2024 petition to proceed IFP on appeal. Subsequently, Batterman paid the filing fee. On appeal, Batterman argues that the trial court should have granted him IFP status for his appeal from the denial of his October 20, 2023 Petition for Court Orders, and that the trial court judge was biased and should have recused himself.

Before addressing whether the trial court committed an error of law in denying him IFP status for his appeal from the denial of his Petition for Court Orders, we must determine whether this appeal is moot. It is well settled that this Court will not decide moot questions. **Orfield v. Weindel**, 52 A.3d 275, 277 (Pa. Super. 2012). "The mootness doctrine requires an actual case or controversy to exist at all stages." **Com., Dep't of Env't Prot. v. Cromwell Twp., Huntingdon Cnty.**, 32 A.3d 639, 651 (Pa. 2011). "An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law." **Orfield**, 52 A.3d at 278 (citation omitted).

---

[2] We note that the thirtieth day after the entry of the November 30, 2023 order was Saturday, December 30, 2023. Furthermore, Monday, January 1, 2024, is a court holiday. Therefore, the appeal filed on January 2, 2024, was timely. **See** 1 Pa.C.S. § 1908 (providing that calculation of time periods omits weekends and holidays when last day of period is weekend or holiday).

> Nevertheless, this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

*Lico, Inc. v. Dougal*, 216 A.3d 1129, 1132 (Pa. Super. 2019) (citation omitted).

Here, a change in facts has mooted the issues involving Batterman's IFP petition for the appeal filed from the denial of his October 20, 2023 Petition for Court Orders. Specifically, this Court quashed the appeal in question, leaving no pending proceedings related to that specific case. *See Batterman*, 3156 EDA 2023 (per curiam order). Accordingly, determining whether Batterman could pay the filing fee does not require any resolution, and the issue is moot. *See Lico*, 216 A.3d at 1133.

Further, none of the exceptions to the mootness doctrine apply. Batterman's ability to pay filing fees is not of great public importance. Additionally, because the appeal in question had been quashed, this was not a question capable of repetition. To the contrary, the question of whether a party may proceed IFP must be decided on a case-by-case basis. *Amrhein v. Amrhein*, 903 A.2d 17, 22 (Pa. Super. 2006). Likewise, Batterman will not suffer any detriment, as the appeal was quashed and there is no case or controversy for the courts to review. Based upon the foregoing, the IFP issue is moot. *See Lico*, 216 A.3d at 1133.

Batterman further contends that the trial judge should have recused himself. Batterman's Brief at 32, 38-39. According to Batterman, the judge has consistently made statements about him that evidence his bias and vindictiveness toward Batterman. *Id.* at 32. Batterman highlights that the trial court suspended his custody rights without a hearing based solely on Santo's allegations about his failure to comply with the parties' custody order. *Id.* at 32-33, 34. Batterman further asserts that the judge puts him in prison upon a finding of contempt, but that when he files a petition for contempt in similar circumstances against Santo, the trial judge turns the situation against him and never holds Santo accountable. *Id.* at 34-35. Batterman also notes that the judge will question him extensively despite the fact that Santo is represented by counsel. *Id.* at 35-37.

As a preliminary matter, Batterman did not raise a recusal claim in his October 20, 2023 petition or request to proceed IFP on appeal. As Batterman raises this claim for the first time on appeal, we conclude that it is waived. *See* Pa.R.A.P. 302(a) ("Issues not raised in the trial court are waived and cannot be raised for the first time on appeal."); *see also Lomas v. Kravitz*, 170 A.3d 380, 390 (Pa. 2017) (noting that "a party must seek recusal of a jurist at the earliest possible moment, i.e., when the party knows of the facts that form the basis for a motion to recuse. If the party fails to present a motion to recuse at that time, then the party's recusal issue is time-barred and waived.").

Even if not waived, we agree with the trial court that it is meritless.  ***See***

Trial Court Opinion, 2/2/2024, at 6 (addressing Batterman's recusal claim and

noting that Batterman has repeatedly filed recusal motions before the trial

court in the past).  Our standard of review is well settled:

> Our Supreme Court presumes judges of this Commonwealth are honorable, fair and competent, and, when confronted with a recusal demand, have the ability to determine whether they can rule impartially and without prejudice.  The party who asserts a trial judge must be disqualified bears the burden of producing evidence establishing bias, prejudice, or unfairness necessitating recusal and the decision by a judge against whom a plea of prejudice is made will not be disturbed except for an abuse of discretion.
>
> As a general rule, a motion for recusal is initially directed to and decided by the jurist whose impartiality is being challenged. In considering a recusal request, the jurist must first make a conscientious determination of his or her ability to assess the case in an impartial manner, free of personal bias or interest in the outcome.  The jurist must then consider whether his or her continued involvement in the case creates an appearance of impropriety and/or would tend to undermine public confidence in the judiciary.  This is a personal and unreviewable decision that only the jurist can make.  Where a jurist rules that he or she can hear and dispose of a case fairly and without prejudice, that decision will not be overruled on appeal but for an abuse of discretion.  When a judge believes his impartiality can be reasonably questioned, he should recuse himself, just as he should if he himself has doubt as to his ability to preside impartially.

***2303 Bainbridge, LLC v. Steel River Bldg. Sys., Inc.***, 239 A.3d 1107, 1118

(Pa. Super. 2020) (citations and quotation marks omitted).

The trial court addressed the claim as follows:

It is important to note that [Batterman] has been cautioned and ultimately found in contempt by numerous judges in both Montgomery County and Philadelphia County.  This is objectively

a result of [Batterman's] history of disregarding and violating court orders signed by multiple different judges. Th[e trial] court has endeavored, during the approximately two years it presided over hearings in this matter, to be fair to both parties with the best interest of the children in mind. And it has done so. Th[e trial] court has repeatedly urged [Batterman] to comply with court orders which would clearly be in the best interest of the children. Based on its careful consideration of the two-prong analysis … th[e trial] court concludes that it was not necessary or appropriate to recuse itself in this matter. This finding was based on a good-faith, "independent, self-analysis" on the part of the court. The court has been fair and impartial to both sides in presiding over various disputes in this case and has properly denied [Batterman's] repeated recusal requests.

Trial Court Opinion, 2/2/2024, at 5-6.

Batterman has not cited any facts or circumstances that reasonably establish the judge's bias or prejudice. It is well established that "simply because a judge rules against a [party] does not establish any bias on the part of the judge against that [party]." *Commonwealth v. McCauley,* 199 A.3d 947, 951 (Pa. Super. 2018) (citation omitted). As Batterman's claims fail to establish an abuse of discretion as to the trial judge's finding of his own impartiality, we conclude that his recusal motion would be without merit even if properly preserved.[3]

Order affirmed.

_____

[3] The trial judge further noted that he had been reassigned to the juvenile court division and a new judge had been assigned to Batterman's cases. Trial Court Opinion, 2/2/2024, at 6 n.6.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary


Date:  1/15/2025