J-A21036-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| SILVIA SANTO | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| CHAD BATTERMAN | : | |
| | : | |
| Appellant | : | No. 2719 EDA 2023 |

Appeal from the Order Entered October 19, 2023
In the Court of Common Pleas of Philadelphia County Domestic Relations
at No(s):  D17118516

BEFORE:  KUNSELMAN, J., NICHOLS, J., and BECK, J.

MEMORANDUM PER CURIAM:                    **FILED JANUARY 15, 2025**

Chad Batterman ("Batterman") appeals pro se from the order entered by the Philadelphia County Court of Common Pleas ("trial court") denying his petition to proceed in forma pauperis in a separate appeal at ***Batterman v. Santo***, 2406 EDA 2023 (Pa. Super. filed Dec. 1, 2023) (per curiam order). Because Batterman's request is moot, we dismiss the appeal.

This case involves a long and tortured procedural history.[1]  Briefly, Batterman and Silvia Santo ("Santo") were married in November 2014, separated in November 2017, and had two children together during the marriage.  Santo filed a complaint in divorce on November 29, 2017. Batterman filed an answer to the divorce complaint and a counterclaim.

---

[1] The trial court sets forth an extensive recitation of the history in its opinion. ***See*** Trial Court Opinion, 1/5/2024, at 2-17.

Following a protracted history due, in part, to multiple contempt findings against Batterman, and Batterman's repeated failure to appear at divorce proceedings, the trial court dismissed Batterman's outstanding claims arising out of his answer to the divorce complaint and counterclaim on May 24, 2023. On June 7, 2023, Batterman filed a petition for leave to appeal nunc pro tunc from the May 24, 2023 order. The trial court scheduled a hearing for August 14, 2023. Batterman sought to continue the hearing. On August 7, 2023, the trial court denied the continuance request. Batterman did not appear at the scheduled hearing, and the trial court dismissed his petition. On August 22, 2023, the trial court entered a final divorce decree. On September 7, 2023, Batterman filed an appeal from the August 7, 2023 order denying his continuance request and the August 14, 2023 order denying his petition for leave to appeal.

On that same day, Batterman filed a petition to proceed in forma pauperis on appeal of the case docketed at 2406 EDA 2023. On October 18, 2023, the trial court held a hearing at which it received evidence regarding Batterman's ability to pay the filing fee. Thereafter, the trial court denied Batterman's petition, finding he had financial resources to pay the requisite fees. On October 25, 2023, this Court issued an Order directing Batterman to pay the filing fee on or before November 6, 2023. Batterman complied, paying the fee on October 26, 2023. Subsequently, this Court quashed Batterman's appeal at 2406 EDA 2023, finding that the trial court entered a bench warrant

for Batterman on November 1, 2022, and did not vacate the warrant until September 25, 2023; therefore, based on Batterman's fugitive status, he forfeited his right to seek relief. ***See id.***

Batterman now appeals from the trial court's denial of his petition to proceed in forma pauperis. Before addressing the merits of Batterman's claims on appeal, however, we must determine whether this appeal is moot. It is well settled that this Court will not decide moot questions. ***Orfield v. Weindel***, 52 A.3d 275, 277 (Pa. Super. 2012). "The mootness doctrine requires an actual case or controversy to exist at all stages." ***Com., Dep't of Env't Prot. v. Cromwell Twp., Huntingdon Cnty.***, 32 A.3d 639, 651 (Pa. 2011). "An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law." ***Orfield***, 52 A.3d at 278 (citation omitted).

> Nevertheless, this Court will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

***Lico, Inc. v. Dougal***, 216 A.3d 1129, 1132 (Pa. Super. 2019) (citation omitted).

Here, a change in facts has mooted the issues involving Batterman's petition for in forma pauperis status. Batterman paid the required filing fee for the appeal at 2406 EDA 2023; this Court quashed that appeal; and the

divorce is now final, leaving no pending proceedings related to that specific case. *See Batterman*, 2406 EDA 2023 (per curiam order). Accordingly, determining whether Batterman could pay the filing fee does not require any resolution, and the issue is moot. *See Lico*, 216 A.3d at 1133.

Further, none of the exceptions to the mootness doctrine apply. Notably, Batterman's ability to pay filing fees is not of great public importance. Additionally, because the appeal in question had been quashed and Batterman had paid the filing fee, this was not a question capable of repetition. To the contrary, the question of whether a party is in forma pauperis must be decided on a case-by-case basis. *See Amrhein v. Amrhein*, 903 A.2d 17, 22 (Pa. Super. 2006) (noting that courts must consider a party's request to proceed in forma pauperis on a case-by-case basis). Likewise, Batterman will not suffer any detriment, as he paid the fee which, absent his fugitive status at the time of the appeal, would have allowed the appeal to proceed. Based upon the foregoing, the "issue herein is moot, and we, thus, dismiss the appeal." *Lico*, 216 A.3d at 1133.

Appeal dismissed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 1/15/2025