J-S37021-24

2024 PA Super 265

SANTANDER BANK, N.A. : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
LISA CHRISTINE ANSORGE :
:
Appellant : No. 112 EDA 2024

Appeal from the Order Entered December 20, 2023
In the Court of Common Pleas of Montgomery County Civil Division at
No(s): 2022-22212

BEFORE: BOWES, J., MURRAY, J., and SULLIVAN, J.

OPINION BY MURRAY, J.: **FILED NOVEMBER 12, 2024**

Lisa Christine Ansorge (Appellant) appeals from the order denying her

petition to set aside a sheriff's sale in this mortgage foreclosure action. After

careful review, we dismiss the appeal as moot.

The trial court summarized the factual and procedural background:

On November 30, 2017, [Appellant] executed a mortgage to
obtain funds to construct a residential property located at 1421
Gertrude Avenue, Phoenixville, Pennsylvania (hereinafter referred
to as "the property"). On September 22, 2022, this mortgage was
assigned to Plaintiff Santander Bank, N.A. ([Santander]).

… [Appellant] stopped making her required mortgage
payments as of April 1, 2022. Since that time, [Appellant] has
not made any mortgage payments.

On November 11, 2022, [Santander] filed a Complaint in
Mortgage Foreclosure, alleging that the mortgage was in default
because no payments had been made after March of 2022. The
outstanding balance on the mortgage was alleged to be
$473,414.43. [Santander] sought to recover this amount plus
interest, fees and costs. [Appellant] failed to timely respond to
th[e] complaint, and a default judgment was entered on January

> 10, 2023. Judgment *in rem* was entered against [Appellant] in the amount of $481,072.34. On that date, [Santander] also filed a Praecipe for Writ of Execution in Mortgage Foreclosure. On April 26, 2023, the [p]roperty was sold at sheriff's sale to Bryant Construction [Inc. (Bryant), an unrelated third party, for $518,900.00].
>
> On May 2, 2023, [Appellant] filed an Emergency Petition to Set Aside the Sheriff's Sale and to Vacate the Default Judgment. In this petition, [Appellant] state[d] that her failure to pay the mortgage and [her failure to contest] the entry of default judgment against her w[ere] due to "adverse events" in her "personal and work life," [] her reliance on advice from a person pretending to be a lawyer with a non-existent law firm[,] and oppressive, overbearing and unfair conduct by [Santander]. On May 10, 2023, [the trial court] entered an order directing the Montgomery County Sheriff to refrain from delivering a deed to Bryant … [,] but not granting any other relief.

Trial Court Opinion, 2/29/24, at 1-2 (footnotes omitted).

On May 11, 2023, Appellant filed a suggestion of bankruptcy and notice of removal to the bankruptcy court. On July 11, 2023, the bankruptcy court granted Santander's motion for relief from the automatic bankruptcy stay, and remanded the matter to the trial court.

The trial court detailed the subsequent proceedings:

> On September 8, 2023, [Appellant] filed a Petition to Set Aside the Sheriff's Sale. In this petition, [Appellant] provide[d] a long explanation of the reasons for her failure over various time periods to make her mortgage payments, as well as her reasons for not

sending the documents requested by [Santander] under the loss mitigation program.[1]

On December 20, 2023, following a hearing, [the trial court] entered an order denying the Petition to Set Aside the Sheriff's Sale with prejudice. This order also confirmed the sheriff's sale, and vacated the May 10, 2023[,] order directing the Montgomery County Sheriff to refrain from delivering to Bryant … the deed to the property.

_____

[1] Appellant's petition asserted the sheriff's sale should be set aside because Santander violated federal regulations in seeking foreclosure. *See* Petition to Set Aside Sheriff's Sale, 9/8/23, at 20. We briefly observe:

> Effective January 10, 2014, pursuant to the federal Dodd-Frank [Wall Street Reform and Consumer Protection Act of 2010], the Consumer Financial Protection Bureau [] adopted new regulations relating to mortgage servicing. The new regulations, entitled "Mortgage Servicing Rules under the Real Estate Settlement Procedures Act (Regulation X)," are codified at 12 C.F.R. §§ 1024.30 *et seq.* "Regulation X prohibits, among other things, a loan servicer from foreclosing on a property in certain circumstances if the borrower has submitted a completed loan modification, or loss mitigation, application." *Miller v. Bank of New York Mellon*, 228 F.Supp.3d 1287, 1290 (M.D.Fla. 2017) (citation omitted). Regulation X requires servicers to follow specified loss mitigation procedures for a mortgage loan secured by a borrower's principal residence.

*Bank of New York Mellon v. Brooks*, 169 A.3d 667, 670-71 (Pa. Super. 2017) (some citations and footnote omitted); *see also id.* at 671-72 (detailing loss mitigation procedures required under Regulation X). Here, Appellant alleged Santander violated Regulation X by, *inter alia*, filing its foreclosure complaint while Appellant's loss mitigation application was still pending; failing to inform Appellant that her application was denied; failing to set a firm deadline for Appellant to submit additional information; and unreasonably refusing to allow more time for processing Appellant's application. *See* Petition to Set Aside Sheriff's Sale, 9/8/23, at 17. On December 19, 2023, the trial court conducted an extensive hearing on these allegations. *See* N.T., 12/19/23. In its Pa.R.A.P. 1925 opinion, the trial court concluded "[t]he evidence shows that [Santander] met the requirements of Regulation X." Trial Court Opinion, 2/29/24, at 6.

*Id.* at 3-4 (some capitalization modified; footnote added).

On December 26, 2023, Appellant filed a timely notice of appeal from the December 20, 2023, order. On the same date, Appellant filed in the trial court an Emergency Petition for Supersedeas Pending Appeal, requesting "a hearing to fix the extent to which additional security is required" under Pa.R.A.P. 1733.[2] Appellant argued a supersedeas was needed "to prevent the recording of the Sheriff's Deed from the April 26, 2023[,] Sheriff's Sale, *inter*

_____

[2] Pa.R.A.P. 1733 provides, in relevant part, as follows:

> **(a) General rule.** An appeal from an order which is not subject to Rule 1731 (automatic supersedeas of orders for the payment of money) shall, unless otherwise prescribed in or ordered pursuant to this chapter, operate as a supersedeas only upon the filing with the clerk of the court below of appropriate security as prescribed in this rule. Either court may, upon its own motion or application of any party in interest, impose such terms and conditions as it deems just and will maintain the res or status quo pending final judgment or will facilitate the performance of the order if sustained.

> **(b) Tangible property.** When the order determines the disposition of the property in controversy as in real actions, replevin, and actions to foreclose mortgages or when such property is in the custody of the sheriff, or when the proceeds of such property or appropriate security for its value is in the possession, custody or control of the court, the amount of the additional security shall be fixed by agreement of the parties, or by the court, at such sums only as will secure any damages for the use and detention of the property, interest, the costs of the matter and costs on appeal.

Pa.R.A.P. 1733(a)-(b).

*alia*, so that [Appellant] will have continuing standing to prosecute the appeal." Emergency Petition for Supersedeas Pending Appeal, 12/26/23, ¶ 6.

On December 28, 2023, the trial court denied the supersedeas petition without a hearing. On the same date, Appellant filed an Emergency Petition for Reconsideration. Appellant argued a supersedeas

> is vitally important here, in order for [Appellant] to maintain and preserve her standing to prosecute the appeal…. **If the Sheriff's Deed is delivered and recorded while the appeal is pending, the appeal is at risk for dismissal due to mootness.**

Emergency Petition for Reconsideration, 12/28/23, ¶¶ 4-5 (emphasis added; paragraph break and numbering omitted). On December 29, 2023, the trial court granted reconsideration of its December 28, 2023, order.

On January 12, 2024, the trial court heard oral argument on Appellant's supersedeas petition. On February 21, 2024, the court entered an order denying the petition. The order also directed the sheriff to record and deliver the deed to Bryant.

Also on February 21, 2024, Appellant filed in this Court an Emergency Petition for Supersedeas Pending Appeal. We temporarily stayed the trial court proceedings, "including the sheriff's delivery of the deed," and directed Santander to file a response to Appellant's petition. Order, 2/23/24. On March 4, 2024, Santander filed a response. On March 7, 2024, we denied the supersedeas petition and lifted the temporary stay.

**On April 1, 2024, the Montgomery County Sheriff delivered the deed to Bryant.** *See* Trial Court Docket, Entry Nos. 62-63. The deed was recorded on April 26, 2024. *See id.*, Entry No. 64.

Appellant and the trial court have complied with Pa.R.A.P. 1925. Appellant presents five interrelated issues for our review, each contending the trial court erred in determining Santander did not violate Regulation X. *See* Appellant's Brief at 17-19.[3]

However, Santander argues the appeal should be dismissed as moot because Appellant failed to obtain a supersedeas, and the deed has been delivered to the sheriff's sale buyer, Bryant. Santander Brief at 9-10. We agree.

Regarding the doctrine of mootness, we observe that,

[a]s a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. An issue can become moot during the pendency of an appeal due to an intervening change in the facts of the case or due to an intervening change in the applicable law. In that case, an opinion of this Court is rendered advisory in nature. An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect.

*Trust of John S. Middleton*, 313 A.3d 1079, 1086 (Pa. Super. 2024) (quoting *In re D.A.*, 801 A.2d 614, 616 (Pa. Super. 2002) (*en banc*) (citations

_____

[3] Because we do not reach Appellant's issues, as discussed *infra*, we omit their specific language. The issues challenge the trial court's December 20, 2023, order denying Appellant's petition to set aside the sheriff's sale. Neither the trial court's nor this Court's denial of Appellant's petitions for supersedeas is at issue.

and quotation marks omitted)). "It is impermissible for courts to render purely advisory opinions. In other words, judgments or decrees to which no effect can be given will not, in most cases, be entered by this Court." *Id.* (citation omitted).

Nevertheless, this Court

will decide questions that otherwise have been rendered moot when one or more of the following exceptions to the mootness doctrine apply: 1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court.

*Lico, Inc. v. Dougal*, 216 A.3d 1129, 1132 (Pa. Super. 2019) (citation omitted).

Here, Santander relies on *Deutsche Bank v. Butler*, 868 A.2d 574 (Pa. Super. 2005). In *Deutsche Bank*, the trial court granted a petition to set aside a sheriff's sale of real estate, and the sheriff's sale buyer appealed. *Id.* at 575-76. However, the buyer failed to post the required supersedeas bond, and "the court's order setting aside the sheriff's sale was never superseded." *Id.* at 577. During the pendency of the appeal, a second sheriff's sale took place. *Id.* A second buyer purchased the property, and the sheriff delivered the deed to that buyer. *Id.* We dismissed the first buyer's appeal as moot, observing that because "the property was sold at the second sale, … an order declaring the first sale valid would have no effect." *Id.*

Appellant appears to concede her appeal is moot. In her brief, she "acknowledges that she cannot rely on the prosecution of this appeal in order

- 7 -

to re-obtain ownership of [the property], because of the loss of standing for that purpose." Appellant's Brief at 22 (citing ***U.S. Bank Nat'l Ass'n v. Schraven***, 1153 WDA 2015 (Pa. Super. 2016) (non-precedential memorandum) (dismissing as moot an appeal from an order denying a petition to set aside a sheriff's sale in a foreclosure action, where the appellant did not obtain a supersedeas and the deed had been delivered to the sheriff's sale buyer); ***U.S. Bank Nat'l Ass'n v. O'Meara***, 376 EDA 2017 (Pa. Super. 2017) (non-precedential memorandum) (same); ***BR Holding Fund LLC v. McKendrick***, 385 EDA 2018 (Pa. Super. 2018) (non-precedential memorandum) (same)).[4]

> However, Appellant asserts
>
> that she should have standing for the right to pursue an independent legal action against Santander for money damages due to Santander's violations of Regulation X (pursuant to the Pennsylvania Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1 *et seq.*, and 12 C.F.R. [§] 1024.41(a), referencing 12 U.S.C. § 2605(f) of [the Real Estate Settlement Procedures Act]). The collateral estoppel effect of the adverse findings by the lower court, however, could operate to bar such independent legal action…. Thus, [Appellant] is prosecuting this appeal in order to prevent such collateral estoppel effect.

Appellant's Brief at 22-23; ***see also id.*** at 21-22 (Appellant "respectfully requests that the Superior Court exercise its power to vacate the adverse

_____

[4] Under Pa.R.A.P. 126(b), unpublished non-precedential memorandum decisions of this Court filed **after** May 1, 2019, may be cited for their persuasive value. Appellant cited decisions filed before that date, and we cite them here only to note Appellant's acknowledgment that similarly-situated appeals have been dismissed as moot.

findings made by the lower court in this case, so that [Appellant] may pursue other independent litigation against Santander, free from the preclusive effect of collateral estoppel.").

Our review confirms the appeal is moot. As in *Deutsche Bank*, *supra*, Appellant failed to obtain a supersedeas and, during the pendency of her appeal, the sheriff delivered the deed to the sheriff's sale buyer. Upon the delivery of the deed, Appellant no longer retained any interest in the subject property. Accordingly, Appellant is no longer an aggrieved party in this purely *in rem* proceeding. *See Wells Fargo Bank, N.A. v. Long*, 934 A.2d 76, 80 (Pa. Super. 2007) (observing that a sheriff's sale is "consummated by the acknowledgement and delivery of the deed" to the buyer, after which the buyer's rights "become effective"); *Insilco Corp. v. Rayburn*, 543 A.2d 120, 126 (Pa. Super. 1988) (quashing an appeal from the entry of *in rem* summary judgment in a mortgage foreclosure action, where the appellants had previously conveyed their interest in the subject property by quitclaim deed; therefore, the appellants were not "aggrieved" parties and lacked standing to challenge the *in rem* judgment); *In re Hickson*, 821 A.2d 1238, 1243 (Pa. 2003) ("In practical terms, we are assured that there is a legitimate controversy if the proponent of a legal action has somehow been 'aggrieved' by the matter he seeks to challenge. A litigant can establish that he has been 'aggrieved' if he can show that he has a substantial, direct and immediate interest in the outcome of the litigation in order to be deemed to have

standing." (citations omitted)); ***Rearick v. Elderton State Bank***, 97 A.3d 374, 383 (Pa. Super. 2014) ("An action in mortgage foreclosure is strictly an *in rem* proceeding, and the purpose of a judgment in mortgage foreclosure is solely to effect a judicial sale of the mortgaged property." (citation omitted)).

As Appellant acknowledges, in ruling on the questions presented in this appeal, we cannot enter an order that would restore Appellant's interest in the property. **See** Appellant's Brief at 22. The appeal is therefore moot, and any opinion of this Court would be merely advisory. **See Deutsche Bank**, 868 A.2d at 577-78.

Our review further discloses that no exception to the mootness doctrine applies here. Appellant does not explicitly argue that any mootness exception applies, though her assertion regarding collateral estoppel arguably invokes the exception where "a party to the controversy will suffer some detriment due to the decision of the trial court." ***Lico, Inc.***, 216 A.3d at 1132; ***see also*** Appellant's Brief at 21-23. However, Appellant fails to cite any authorities regarding mootness exceptions, or any authorities supporting her argument that an appellant's desire to prevent collateral estoppel effect can salvage an otherwise moot appeal. **See id.**

Under our appellate rules, "the argument portion of an appellate brief must include a pertinent discussion of the particular point raised along with discussion and citation of pertinent authorities. Failure to cite relevant legal authority constitutes waiver of the claim on appeal." ***Foster v. Nuffer***, 286

A.3d 279, 284 n.2 (Pa. Super. 2022) (citation, quotation marks, and brackets omitted); *see also* Pa.R.A.P. 2119(a) (requiring discussion and citation of pertinent authorities); *Trust Under Deed of Wallace F. Ott*, 271 A.3d 409, 421 (Pa. Super. 2021) (stating that "an appellant waives any issue he fails to develop sufficiently"). Accordingly, to the extent Appellant attempts to invoke a mootness exception, we deem the argument waived. Even if it were not waived, we would not conclude that Appellant's desire to prevent collateral estoppel effect in a hypothetical future lawsuit constitutes a detriment sufficient to prompt review of this moot appeal.[5]

Appeal dismissed as moot.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 11/12/2024

---

[5] Neither of the other two mootness exceptions applies here. This case does not involve a matter of great public importance, and the questions presented are not apt to elude appellate review. *See Lico, Inc.*, 216 A.3d at 1132. Questions regarding a foreclosure plaintiff's compliance with Regulation X are readily reviewable, provided that the defendant asserts a timely defense.

- 11 -