J-A08045-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| D.P. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| V. | : | |
| | : | |
| 4200 ROOSEVELT, LLC, CATHOLIC | : | |
| SOCIAL SERVICES, 4200 ROSE | : | |
| HOSPITALITY, LLC, DAYS INNS | : | |
| WORLDWIDE, INC., WYNDHAM | : | |
| HOTEL GROUP, LLP, WYNDHAM | : | No. 480 EDA 2024 |
| HOTELS AND RESORTS, INC., | : | |
| WYNDHAM WORLDWIDE | : | |
| CORPORATION, ABS LINCS VA, INC., | : | |
| CRAIG JOHNSON-LH8273, | : | |
| JONNEISHA SMITH, FIRST HOME | : | |
| CARE PA, INC., ABS LINCS PA, INC., | : | |
| UNIVERSAL HEALTH SERVICES, INC. | : | |
| | : | |
| APPEAL OF: DAIKON-SWAN, LLC | | |
| AND FAMILY DESIGN RESOURCES, | | |
| INC., D/B/A VOCE | | |

Appeal from the Order Entered January 12, 2024
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s):  220401713

BEFORE:  LAZARUS, P.J., McLAUGHLIN, J., and SULLIVAN, J.

JUDGMENT ORDER BY SULLIVAN, J.:  **FILED MARCH 17, 2025**

Third parties Daikon-Swan, LLC and Family Design Resources, Inc., D/B/A VOCE (collectively "Appellants") appeal from the trial court's order granting D.P.'s ("D.P.") motion to compel compliance with subpoena directed to Pennsylvania Adoption Exchange and Permanency Network ("PAEPN").  As the parties agree the underlying action is settled and this appeal is moot, we dismiss the appeal and deny D.P.'s motion for oral argument.

Because of our disposition, we need not detail the relevant factual and procedural history of this case. We briefly note in April 2022, D.P. filed the underlying negligence action against the defendants (who are not a party to this appeal), claiming she was sexually assaulted and trafficked while in foster care. *See* Trial Court Opinion, 6/26/24, at 1-2. In November 2023, D.P. filed the above-mentioned motion to compel directed to PAEPN seeking records regarding the foster home. *See id*. at 2. Appellants are a contractor and subcontractor of PAEPN. *See id*. at 3. The trial court granted the motion, and this appeal followed.[1] In the Fall of 2024, the parties advised the trial court they had reached a settlement in the underlying action. In February 2025, D.P. filed a motion requesting oral argument on the mootness issue.

On appeal, Appellants raise the following questions:

1. Did the trial court erroneously compel disclosure of private foster care records that state and federal statutes require be kept strictly confidential and that a trial court cannot order be disclosed in cases like this?

2. Did the trial court err in finding that the state foster care program waived statutory confidentiality merely by contracting with [Appellants] to carry out the program, given no authority supports this finding, statutory confidentiality cannot be waived without express legislative permission (and none exists here), [Appellants] lacked any power to waive confidentiality (and thus could not do so by its letter here), the court's order violates [Appellants'] due process rights, and the program cannot waive anything because it is not a legal entity?

_____

[1] Appellants and the trial court complied with Pa.R.A.P. 1925.

3. Did the trial court incorrectly order compliance with the subpoena here given two less intrusive means for discovery were readily available to [D.P.]?

Appellants' Brief at 4.

D.P. and Appellants agree the appeal is moot. *See* D.P.'s Brief at 9-10; Appellants' Reply Brief at 2-3. Based on our review, we likewise conclude this appeal is moot. It is well-settled an issue "is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect." *Santander Bank, N.A. v. Ansorge*, 327 A.3d 259, 263 (Pa. Super. 2024) (citations omitted); *see also WFIC, LLC v. LaBarre*, 148 A.3d 812, 819 (Pa. Super. 2016) (citation omitted) ("It is well established that the appellate courts of this Commonwealth will not decide moot . . . questions."). Here, the record reflects the underlying action settled in late 2024. *See* Civil Docket, 11/7/24, Praecipe to Discontinue. Thus, D.P. cannot compel discovery in this case and the appeal is moot.

To the extent Appellants note that there is a different pending action in which the discovery issue *may* arise, *see* Appellants' Reply Brief at 3-4, we have long held, "[t]his Court may not provide advisory opinions to address issues that may arise in future cases." *Hackett v. Indian King Residents Association*, 195 A.3d 248, 255 (Pa. Super. 2018) (citation omitted). Therefore, we dismiss this appeal as moot and deny D.P.'s motion for oral argument.

Appeal dismissed. Motion for oral argument denied.

Judgment Entered.

Benjamin D. Kohler

Benjamin D. Kohler, Esq.
Prothonotary


Date: <u>3/17/2025</u>