J-S14029-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| D&G 306 SOUTH CHESTER LLC | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MARTIN CARR | : | |
| | : | |
| Appellant | : | No. 1853 EDA 2024 |

Appeal from the Judgment Entered July 8, 2024
In the Court of Common Pleas of Delaware County Civil Division at
No(s): CV-2023-003312

BEFORE: DUBOW, J., BECK, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY BECK, J.:           **FILED AUGUST 1, 2025**

Martin Carr ("Carr") appeals pro se from the order entered by the Delaware County Court of Common Pleas ("trial court") granting summary judgment in favor of D&G 306 South Chester Pike, LLC ("D&G"). We affirm.

On April 1, 2020, Carr (as tenant) and D&G (as landlord) entered into a lease agreement for a single residential unit of a property located in Glenolden, Pennsylvania ("the Property"), for a term of one year. The Property qualifies as Section 8 housing[1] through the Delaware County Housing Authority ("DCHA").

---

[*] Former Justice specially assigned to the Superior Court.

[1] Section 8 housing is a federally subsidized housing voucher program under Section 8 of the United States Housing Act of 1937, 42 U.S.C. § 1437(f).

Pertinently, the lease provides in section 2.20 — "Lease Termination" — that the tenant or landlord must provide written notice if either opts not to renew the lease. Lease, 4/1/2020, at 4. Section 2.21 — "Lease Renewal" — states, "If notice of non-renewal is not received by landlord or his agent, prior to 60 (sixty) days before the end date of this lease, then this lease shall automatically renew for a 1 (one) year term with a rent increase of up to $100 (one hundred) dollars per month." *Id*. Section 2.25 — "Landlord Remedies" — states in pertinent part,

> [I]f at any time, resident(s) fail to make any rent or additional rent payment, as described in this agreement or fails to comply with any other provision of this lease, landlord or his agent may take any or all of the following actions listed below. Landlord may exercise any or all of these remedies, which shall not prevent landlord or his agent from exercising that remedy or any other remedies at the same time or any other time:
>
> * * *
>
> 2. Landlord or his agent may terminate this lease.
>
> 3. Landlord or his agent may evict resident(s)

*Id.* at 5.

The lease automatically renewed in 2021 and 2022. The 2022 renewal would expire on March 31, 2023, without another renewal. In late 2022, D&G sent notice to Carr, increasing the rent for the remaining months of his lease effective January 1, 2023. Upon nonpayment of this increase in rent, on January 18, 2023, D&G posted a notice on Carr's door requesting Carr leave the premises by March 31, 2023, the end date of the lease, for nonpayment

of rent. D&G posted a second notice on February 7, 2023, requesting the same and noting it would "start the eviction process if necessary." Carr refused to vacate the property claiming he was not in default because the increase in rent was illegal.

In April 2023, D&G filed a complaint in the Magisterial District Court, seeking possession and damages. The magistrate found in favor of D&G. Carr appealed this decision to the trial court. Subsequently, D&G filed a complaint in ejectment. On October 6, 2023, D&G filed its first motion for summary judgment seeking possession and compensatory damages. On January 18, 2024, the trial court ordered the release of all funds being held in escrow to D&G but denied the motion for summary judgment as to possession. Carr did not appeal this order.

On June 3, 2024, D&G filed its second motion for summary judgment, seeking only possession. The trial court granted D&G's motion for summary judgment, issued D&G a judgment of possession, ejected Carr from the property, and ordered him to vacate the property within fourteen days. This timely appeal followed.

Carr raises the following question for our review:

> Did the trial court err when it concluded the lease for the [Property] did not renew for a new term due to [D&G's] failure to timely notice [Carr] of non-renewal of the lease and [D&G's] false claim of default by [Carr] based upon [D&G's] illegal, unenforceable rent increase for an existing lease[?]

Carr's Brief at 4.

Summary judgment is properly granted "where there is no genuine issue of material fact and the moving party is entitled to relief as a matter of law." *Hartford Fire Ins. Co. v. Davis*, 275 A.3d 507, 511 (Pa. Super. 2022) (citation omitted).

> In considering the merits of a motion for summary judgment, a court views the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Finally, the [trial] court may grant summary judgment only when the right to such a judgment is clear and free from doubt. An appellate court may reverse the granting of a motion for summary judgment if there has been an error of law or an abuse of discretion. When reviewing whether there are genuine issues of material fact, this Court's standard of review is *de novo*; we need not defer to determinations made by [trial] courts; and our scope of review is plenary.

*Sunoco R&M, LLC v. Pa. Nat'l Mut. Cas. Ins. Co.*, 322 A.3d 930, 938 (Pa. Super. 2024) (citations and quotation marks omitted).

**Mootness**

Before we address the merits of the question raised on appeal, D&G contends that "[e]ven if [Carr] is correct on his notice argument, [he] has no claim to possession after March 31, 2024. Consequently, [Carr's] claim is now moot." D&G's Brief at 16. According to D&G, Carr only argues it failed to provide notice of non-renewal for the one-year term that would begin on April 1, 2023, which would have expired on March 31, 2024.[2] *Id.* at 16-17. D&G

---

[2] In its appellate brief, D&G states the lease would expire on April 1, 2024. D&G's Brief at 17. Carr and the trial court, however, agree that March 31 is
*(Footnote Continued Next Page)*

- 4 -

claims that because Carr has no right to possession after March 31, 2024, and this appeal pertains solely to the trial court's grant of possession of the Property to D&G, his claims are moot. *Id.* at 17.

"[O]ur courts cannot decide moot or abstract questions, nor can we enter a judgment or decree to which effect cannot be given." *Sayler v. Skutches*, 40 A.3d 135, 143 (Pa. Super. 2012) (citation omitted).

> [A]s a general rule, an actual case or controversy must exist at all stages of the judicial process, or a case will be dismissed as moot. … An issue before a court is moot if in ruling upon the issue the court cannot enter an order that has any legal force or effect. It is impermissible for courts to render purely advisory opinions. In other words, judgments or decrees to which no effect can be given will not, in most cases, be entered by this Court.

*Santander Bank, N.A. v. Ansorge*, 327 A.3d 259, 263 (Pa. Super. 2024) (citation and quotation marks omitted). However, there are three exceptions where this Court will hear a moot case: "1) the case involves a question of great public importance, 2) the question presented is capable of repetition and apt to elude appellate review, or 3) a party to the controversy will suffer some detriment due to the decision of the trial court." *Id.* (citation omitted).

As noted above, D&G is only seeking possession of the property. To that end, Carr argues the trial court erred when it found his lease expired on March 31, 2023, because he avers his lease renewed on April 1, 2023, under the automatic renewal provisions of the lease. Carr's Brief at 18. The parties

_____

the end date for a renewal. Carr's Brief at 13; Trial Court Opinion, 8/9/2024, at 5. This discrepancy has no effect on our decision.

- 5 -

agree that on February 7, 2023, D&G posted a notice on the Property demanding that Carr vacate the premises. *Id.* at 8; D&G's Brief at 8. Carr argues that this notice was untimely, so it could not prevent renewal on April 1, 2023. Carr's Brief at 17.

Assuming, without deciding, that Carr is correct that the lease did renew on April 1, 2023, Carr has no grounds to remain on the property at this time, as the lease would have expired on March 31, 2024. Indeed, because the lease requires a notice of non-renewal to be given sixty days before the end of the lease, the February 2023 notice is certainly timely for a March 2024 expiration. It is now over one year since this purported expiration date, and as such, Carr has no present grounds to remain in possession of the Property. *See Petition of Fisher*, 248 A.2d 849, 850 (Pa. 1969) ("When their lease expired, the plaintiffs no longer had any property interest in the premises, nor was there any interference with or deprivation of their possession or the beneficial use or enjoyment of their leasehold interests.").

If this Court were to find that the trial court erred in granting summary judgment, it would not change Carr's lack of current possessory interest. Such a finding would only determine whether Carr had rightful possession at some point in the past and would therefore be advisory in nature. *See Ansorge*, 327 A.3d 263. This case is therefore moot. *See In re J.G.*, 320 A.3d 1286, 1290 (Pa. Super. 2024) (stating "[a] case is moot when a determination is

sought on a matter which, when rendered, cannot have any practical effect on the existing controversy") (citation and quotation marks omitted).

Further, none of the three exceptions to the mootness doctrine apply. This case does not present any question of great public importance, as it is a case between private parties involving a property lease. Further, the question at issue is not one likely to recur but elude appellate review; this case was rendered moot because of the particular terms included in the lease for the Property, and there is nothing about a summary judgment order generally that renders it likely to evade this Court's review. *Cf. Ferko-Fox v. Fox*, 68 A.3d 917, 920 (Pa. Super. 2013) ("[D]ue to the evanescent nature of temporary PFA orders, questions relating to the adequacy of *ex parte* proceedings are capable of repetition and apt to elude appellate review."). In addition, Carr will not suffer detriment from the decision of the trial court because there is no collateral consequence that Carr faces upon being ordered to vacate. *Cf. In re D.A.*, 801 A.2d 614, 617 (Pa. Super. 2002) (finding the third exception applied because the trial court's finding of a child's dependency could affect future proceedings regarding dependency).

**Sanctions**

D&G also requests attorney's fees and costs as a sanction against Carr and his counsel. D&G's Brief at 19. D&G asserts Carr knew the increase in rent was legal and that DCHA approved it. *Id.* It further asserts that Carr's counsel knew the appeal was moot and meritless and that he helped Carr hide

evidence from the Court in its failure to provide a reproduced record, including omitting specific pieces of evidence.  *Id.* at 17-19.

This Court may award attorney's fees "if it determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious."  Pa.R.A.P. 2744.  "[A]n appeal is not frivolous simply because it lacks merit.  Rather, it must be found that the appeal has no basis in law or fact.  This high standard is imposed in order to avoid discouraging litigants from bringing appeals for fear of being wrongfully sanctioned." *In Re Sletten Family Trust*, 303 A.3d 795, 810 (Pa. Super. 2023) (citation omitted).

We find that the conduct of Carr and his counsel does not rise to the level of warranting sanctions.  In this case, Carr argues that his lease continued to renew in light of a lack of notice from D&G based upon the plain terms of the lease.  D&G has not established that Carr's conduct in pursuing this claim based on the lease terms was arbitrary, vexatious, obdurate, or dilatory. *Cf. In re Estate of Simpson*, 305 A.3d 176, 187 (Pa. Super. 2023) ("This Court has upheld findings of vexatious conduct based on a continuing pattern which demonstrated that the litigation had no purpose but annoyance and where the party was clearly aware that his pleading lacked any legal basis

and yet pursued his claim regardless.") (citation omitted). As such, D&G's request for costs and attorney's fees is denied.[3]

Appeal dismissed as moot. Motion to Strike/Quash denied.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/1/2025

---

[3] D&G filed a motion to strike/quash on the grounds that Carr's appeal is frivolous and moot, and additionally seeks attorney's fees. Motion to Strike/Quash, 2/12/2025, at 2, 16-17. As D&G's claims are similar to those raised in its appellate brief, we deny the motion.