J-A21009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANNETTE C. O'CONNOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES M. O'CONNOR | : | |
| | : | |
| | : | No. 62 MDA 2025 |
| v. | : | |
| | : | |
| | : | |
| KELLY E. KENNER | : | |
| | : | |
| Appellant | : | |

Appeal from the Order Entered December 19, 2024
In the Court of Common Pleas of Luzerne County
Civil Division at No(s):  1988-6080C

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.*

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: SEPTEMBER 30, 2025**

Kelly E. Kenner appeals from the order entered on December 19, 2024, in the Court of Comon Pleas of Luzerne County, imposing liability on her to pay taxes due on the funds paid to her by Appellee, James M. O'Connor, from the liquidation of his pension plan. After careful review, we affirm on the basis of the trial court's well-reasoned February 20, 2025 opinion.

Kenner was awarded 50% of O'Connor's pension plan pursuant to the property settlement agreement entered on August 20, 1990 in her parents'

_____

* Former Justice specially assigned to the Superior Court.

divorce action. On July 26, 2023, Kenner filed a petition for special relief seeking to have her share of the pension rolled into an IRA. On January 24, 2024, the court held a hearing on the petition, at which the parties stipulated, upon the suggestion of Kenner's counsel, that the trial court retain jurisdiction over the issue of the tax consequences of the transfer. *See* N.T. Argument, 1/24/24, at 15, 21. The parties also stipulated that if the transfer of funds from O'Connor's IRA to Kenner's IRA constituted a taxable event, Kenner would bear responsibility for the tax. *See id.* at 11. On May 30, 2024, the court granted Kenner's amended petition for special relief and awarded her $176,335.75. The order was silent on the issue of tax liability.

On July 24, 2024, O'Connor filed a petition for clarification of the May 30th order as it related to the tax consequences of the transfer. Kenner filed preliminary objections to O'Connor's petition on July 25, 2024. On December 19, 2024, upon determining that it had retained jurisdiction to address the tax issue, the trial court ordered Kenner responsible for the tax consequences of the transfer.

Kenner timely filed a notice of appeal and a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court filed its opinion, pursuant to Pa.R.A.P. 1925(a), on February 20, 2025.

On appeal, Kenner presents the following questions for our review:

A.    Did the trial court err in failing to rule on [Kenner's] preliminary objections to [O'Connor's] "Motion to Clarify" filed 47

days after the final order, and did the trial court commit reversible error in failing to sustain preliminary objections?

B.      Did the trial court err in modifying an order beyond 30 days in violation of 42 Pa.C.S.A. [§ 5505]?

C.      Did the trial court err in modifying and/or adding terms to a divorce decree from 1990 in violation of 42 Pa.C.S.A. [§ 5505]?

D.      Did the trial court err in finding an oral stipulation when specific written stipulated facts were entered as an order without objection or challenge?

E.      Did the trial court err in directing tax consequence opposite to Federal IRS Publication 504, and in violation of the Supremacy Clause of the U.S. Constitution?

Appellant's Brief, at xvii-xviii (formatting altered; unnecessary capitalization and suggested answers omitted).[1]

Our standards of review of these issues are well-settled. "This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion." ***Godlove v. Humes***, 303 A.3d 477, 481 (Pa. Super. 2023). Similarly, a claim that a court erred in modifying an order or decree pursuant to 42 Pa.C.S.A. § 5505 raises a question of law. ***See Manufacturers and Traders Trust Co. v. Greenville***

---

[1] As a preliminary matter, we note that Kenner failed to cite to any authority to support her third and fourth issues. While we could find waiver on this basis, we decline to do so where we rely on the trial court's opinion, which provides a cogent review of these issues. ***See Santander Bank, N.A. v. Ansorage***, 327 A.3d 259, 265 (Pa. Super. 2024) (observing failure of argument portion of appellant's brief to conform to Rule 2119(a)'s requirement to provide citation of authorities and pertinent discussion thereof "constitutes waiver of the claim on appeal") (citation and internal quotation mark omitted); Pa.R.A.P. 2101, 2119(a).

*Gastroenterology, SC*, 108 A.3d 913, 917 (Pa. Super. 2015). We review a trial court's decision concerning stipulations for an abuse of discretion. *See Commonwealth v. Perrin*, 291 A.3d 337, 342 (Pa. 2023). Finally, because an alleged violation of the Supremacy Clause presents a question of law, our standard of review is *de novo*, and our scope of review is plenary. *See Caranci v. Monsanto Company*, 338 A.3d 151, 167 (Pa. Super. 2025).

After our independent review of the record, the briefs of the parties, and the cogent opinion of the Honorable Tarah Toohil dated February 20, 2025, we conclude Kenner's issues merit no relief. The opinion comprehensively disposes of the issues raised by Kenner and concludes that: (1) Kenner improperly filed preliminary objections to contest O'Connor's petition for clarification; (2) the December 19th order did not modify the May 30th order **where the parties agreed that the court could consider a petition concerning tax consequences at any time**, *see* N.T. Argument, 1/24/24, at 15, 21; (3) the December 19th order did not modify the divorce decree **where the parties stipulated in open court** that Kenner would bear responsibility for the tax consequences of the transfer, *see id.* at 11, 12; (4) the court properly bound the parties to a **stipulation** that was made in open court and directly related to the issue before the court; and (5) the December 19th order did not violate the Supremacy Clause where it merely delineated reimbursement for the payment of taxes between the parties. *See* Trial Court Opinion, 2/20/25, at 4-8.

Accordingly, we affirm on the basis of the cogent February 20, 2025 opinion of the Honorable Tarah Toohil, which we have attached for the convenience of the parties.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/30/2025