J-A21009-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| ANNETTE C. O'CONNOR | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES M. O'CONNOR | : | |
| | : | |
| | : | No. 62 MDA 2025 |
| v. | : | |
| | : | |
| | : | |
| KELLY E. KENNER | : | |
| | : | |
| Appellant | : | |

Appeal from the Order Entered December 19, 2024
In the Court of Common Pleas of Luzerne County
Civil Division at No(s):  1988-6080C

BEFORE:   PANELLA, P.J.E., LANE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.E.:          **FILED: SEPTEMBER 30, 2025**

Kelly E. Kenner appeals from the order entered on December 19, 2024, in the Court of Comon Pleas of Luzerne County, imposing liability on her to pay taxes due on the funds paid to her by Appellee, James M. O'Connor, from the liquidation of his pension plan. After careful review, we affirm on the basis of the trial court's well-reasoned February 20, 2025 opinion.

Kenner was awarded 50% of O'Connor's pension plan pursuant to the property settlement agreement entered on August 20, 1990 in her parents'

_____

[*] Former Justice specially assigned to the Superior Court.

divorce action. On July 26, 2023, Kenner filed a petition for special relief seeking to have her share of the pension rolled into an IRA. On January 24, 2024, the court held a hearing on the petition, at which the parties stipulated, upon the suggestion of Kenner's counsel, that the trial court retain jurisdiction over the issue of the tax consequences of the transfer. *See* N.T. Argument, 1/24/24, at 15, 21. The parties also stipulated that if the transfer of funds from O'Connor's IRA to Kenner's IRA constituted a taxable event, Kenner would bear responsibility for the tax. *See id.* at 11. On May 30, 2024, the court granted Kenner's amended petition for special relief and awarded her $176,335.75. The order was silent on the issue of tax liability.

On July 24, 2024, O'Connor filed a petition for clarification of the May 30th order as it related to the tax consequences of the transfer. Kenner filed preliminary objections to O'Connor's petition on July 25, 2024. On December 19, 2024, upon determining that it had retained jurisdiction to address the tax issue, the trial court ordered Kenner responsible for the tax consequences of the transfer.

Kenner timely filed a notice of appeal and a court-ordered concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). The trial court filed its opinion, pursuant to Pa.R.A.P. 1925(a), on February 20, 2025.

On appeal, Kenner presents the following questions for our review:

A.    Did the trial court err in failing to rule on [Kenner's] preliminary objections to [O'Connor's] "Motion to Clarify" filed 47

- 2 -

days after the final order, and did the trial court commit reversible error in failing to sustain preliminary objections?

B.      Did the trial court err in modifying an order beyond 30 days in violation of 42 Pa.C.S.A. [§ 5505]?

C.      Did the trial court err in modifying and/or adding terms to a divorce decree from 1990 in violation of 42 Pa.C.S.A. [§ 5505]?

D.      Did the trial court err in finding an oral stipulation when specific written stipulated facts were entered as an order without objection or challenge?

E.      Did the trial court err in directing tax consequence opposite to Federal IRS Publication 504, and in violation of the Supremacy Clause of the U.S. Constitution?

Appellant's Brief, at xvii-xviii (formatting altered; unnecessary capitalization and suggested answers omitted).[1]

Our standards of review of these issues are well-settled. "This Court will reverse the trial court's decision regarding preliminary objections only where there has been an error of law or abuse of discretion." *Godlove v. Humes*, 303 A.3d 477, 481 (Pa. Super. 2023). Similarly, a claim that a court erred in modifying an order or decree pursuant to 42 Pa.C.S.A. § 5505 raises a question of law. *See Manufacturers and Traders Trust Co. v. Greenville*

_____

[1] As a preliminary matter, we note that Kenner failed to cite to any authority to support her third and fourth issues. While we could find waiver on this basis, we decline to do so where we rely on the trial court's opinion, which provides a cogent review of these issues. *See Santander Bank, N.A. v. Ansorage*, 327 A.3d 259, 265 (Pa. Super. 2024) (observing failure of argument portion of appellant's brief to conform to Rule 2119(a)'s requirement to provide citation of authorities and pertinent discussion thereof "constitutes waiver of the claim on appeal") (citation and internal quotation mark omitted); Pa.R.A.P. 2101, 2119(a).

*Gastroenterology, SC*, 108 A.3d 913, 917 (Pa. Super. 2015). We review a trial court's decision concerning stipulations for an abuse of discretion. *See Commonwealth v. Perrin*, 291 A.3d 337, 342 (Pa. 2023). Finally, because an alleged violation of the Supremacy Clause presents a question of law, our standard of review is *de novo*, and our scope of review is plenary. *See Caranci v. Monsanto Company*, 338 A.3d 151, 167 (Pa. Super. 2025).

After our independent review of the record, the briefs of the parties, and the cogent opinion of the Honorable Tarah Toohil dated February 20, 2025, we conclude Kenner's issues merit no relief. The opinion comprehensively disposes of the issues raised by Kenner and concludes that: (1) Kenner improperly filed preliminary objections to contest O'Connor's petition for clarification; (2) the December 19th order did not modify the May 30th order **where the parties agreed that the court could consider a petition concerning tax consequences at any time**, *see* N.T. Argument, 1/24/24, at 15, 21; (3) the December 19th order did not modify the divorce decree **where the parties stipulated in open court** that Kenner would bear responsibility for the tax consequences of the transfer, *see id.* at 11, 12; (4) the court properly bound the parties to a **stipulation** that was made in open court and directly related to the issue before the court; and (5) the December 19th order did not violate the Supremacy Clause where it merely delineated reimbursement for the payment of taxes between the parties. *See* Trial Court Opinion, 2/20/25, at 4-8.

Accordingly, we affirm on the basis of the cogent February 20, 2025 opinion of the Honorable Tarah Toohil, which we have attached for the convenience of the parties.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 9/30/2025

ANNETTE C. O'CONNOR,     :   IN THE COURT OF COMMON PLEAS
       Plaintiff            :       OF LUZERNE COUNTY

                   : 

       vs.                  :       CIVIL ACTION-LAW

                   : 

JAMES M. O'CONNOR,       : 
       Defendant          : 

                   : 

KELLY E. KENNER,         :          NO. 6080-C-1988
       Intervenor/Appellant    :          62 MDA 2025

PROTHONOTARY LUZERNE COUNTY
FILED FEB 20 '25 PM 4:13

## OPINION PURSUANT TO Pa.R.A.P 1925

### PROCEDURAL HISTORY

Kelly Kenner, Intervenor/Appellant ("Kenner") filed an appeal on December 24, 2024, from this Court's Order entered December 19, 2024.

Plaintiff ("Wife") and Defendant ("Husband") were married on May 14, 1983. Kenner is their daughter. The above divorce action was filed on November 28,1988. The parties entered into a Property Settlement Agreement ("PSA") on August 20, 1990. Paragraph 9 of the PSA states:

Husband shall retain his pension plan currently in effect with Trent, Inc. The parties' daughter, KELLY O'CONNOR, shall be named as a 50% income beneficiary of Husband's pension plan and shall, at Husband's death, be entitled to fifty (50%) percent of the value at the date of death. Also, if and when Husband cashes the plan in or retires and begins to receive monthly payments, Kelly will be entitled to 50% whenever the above takes place. Should Kelly predecease Husband, her share will go to her heirs. The parties agree to a Qualified Domestic Relations Order, if necessary, now or in the future, to give effect to the above.

1

46

On August 27, 1990, a Divorce Decree was entered which stated that the agreement between the parties was incorporated in the decree.

On July 26, 2023, Kenner filed a Petition for Special Relief referencing a Qualified Domestic Relations Order (QDRO) dated October 2, 1991, in which Kenner requested 50% of the Trent Pension named in the PSA. Since the QDRO was never accepted by the plan, Kenner filed an Amended Petition for Special Relief, indicating that Husband's retirement Plan was terminated, and she was entitled to 50% of the plan.

The matter came before the undersigned for hearing on January 24, 2024, at which time Husband and Kenner were represented by counsel, and Wife appeared pro se. During the course of the hearing, counsel referred to certain matters as stipulations. The Court entered an order on April 22, 2024, which adopted the stipulation of the parties.

By Order entered May 20, 2024, the Court granted Kenner's Amended Petition for Special Relief and Ordered Husband to pay Kenner 50% of the Trent Plan or $176,335.75. The Order did not include a determination as to the party responsible for the consequences of the tax on the funds to be paid to Kenner.

On July 24, 2024, Husband filed a Petition for Clarification of the May 30, 2024, Order seeking to have Kenner responsible for any tax consequences on the funds transferred to her pursuant to the May 31, 2024 Order.

On July 25, 2024, Kenner filed Preliminary Objections to Husband's Petition for Clarification. Husband did not file a response or brief in opposition to the Preliminary Objections.

This Court issued the Order on December 19, 2024 which granted the request in Husband's Petition for Clarification.

STATEMENT OF MATTERS COMPLAINED OF ON APPEAL

Kenner submits the following as grounds for error in this Court's December 19, 2024, Order:

2

47

1. The Trial Court erred by failing to rule on Kenner's Preliminary Objections and Brief, which were deemed admitted by Luz. Co. Local Rule 1028 (c) (e) and in failing to sustain the Preliminary Objections where Husband failed to file a brief in opposition to the Preliminary Objections.

2. The Trial Court's Order of December 19, 2024 violated 42 Pa.C.S.A. § 5505, in that it modified the May 30, 2024 Final Order after 30 days when Husband did not file an appeal within thirty (30) days of the Final Order and the Trial Court did not grant reconsideration of that Order.

3. The Trial Court erred by modifying the August 27, 1990 Divorce Decree which incorporated the August 20, 1990 Property Settlement Agreement in that the agreement did not delineate a tax consequence.

4. The Trial Court erred in finding a "Stipulation", where the January 24, 2024 transcript was not entered as an exhibit, nor did it take judicial notice of the transcript, and where the April 22, 2024 Order did not contain a stipulation of tax consequences; and there was no colloquy of the parties under oath.

5. The Trial Court violated the Supremacy Clause of the United States Constitution by ordering tax consequences contrary to Federal IRS Rules and regulations and by determining a tax consequence without the authority to do so.

## DISCUSSION

1. Failure to Respond to Preliminary Objections

Pa.R.Civ.P. 1028(c) provides that a Preliminary Objection may be filed by any party to any **pleading**. (Emphasis added)

According to Pa.R.Civ.P. 1017, pleadings in an action are limited to:

(1) a complaint and an answer thereto,

(2) a reply if the answer contains new matter, a counterclaim or a cross-claim,

(3) a counter-reply if the reply to a counterclaim or cross-claim contains new matter,

3

48

(4) a preliminary objection and a response thereto.

In its definition of pleading the Rules of Civil Procedure do not include a petition or motion. **Custom Designs & Manufacturing Co., Inc. v. Atlantic States Insurance Co.,** 40 Pa. D. & C. 5th 468, 474 (Lack. Co. August 28, 2014; **CDI-Infrastructure, LLC v. Navtech, Inc.,** 2013 WL 1845859 (Cumb. Co. April 17, 2013).

Moreover, Preliminary Objections should not be sustained solely on the ground that the preliminary objections are uncontested. **Joloza v. Commonwealth, Department of Transportation,** 958 A.2d 1152, 1155 (Pa.Cmlth.2008), citing **Schuylkill Navy v. Langbord,** 728 A.2d 964, 965 (Pa.Super. 1999).

The December 19, 2024 Order considered Kenner's Preliminary Objections and by implication, denied those Preliminary Objections, when it granted Husband's Petition for Clarification. Since those Preliminary Objections were not the appropriate procedural vehicle to contest the Petition for Clarification, their denial was correct.

2. Modification of May 30, 2024 Order

Kenner contends that the trial court modified its May 30, 2024 Order, after more than thirty (30) days passed and where Husband did not file an appeal and the trial court did not grant reconsideration, in violation of 42 Pa.C.S.A. § 5505. That section provides:

> Except as otherwise provided or prescribed by law, a court upon notice to the parties may modify or rescind any order within 30 days after its entry, notwithstanding the prior termination of any term of court, if no appeal from such order has been taken or allowed.

After expiration of thirty (30) days, the trial court loses its broad discretion to modify, and the order can be opened or vacated only upon a showing of extrinsic fraud, lack of jurisdiction over the subject matter, a fatal defect apparent on the face of the record or some other evidence of

4

49

extraordinary cause justifying intervention by the court. **Stockton v. Stockton**, 698 A.2d 1334, 1337 (Pa. Super.1997).

Our Superior Court in **Mfrs. & Traders Tr. Co. v. Greenville Gastroenterology, SC**, 108 A.3d 913, 921 (Pa.Super.2015) stated:

> In addition to its equitable power to reconsider an otherwise final order after 30 days, a court has inherent power to amend its records, 'to correct mistakes of the clerk or other officer of the court, inadvertences of counsel, or supply defects or omissions in the record at any time.'

See also **Graffia v. Thomas**, 2024 WL 5245284, 1497 WDA 2023 (Pa.Super. filed December 30, 2024).[1]

In the case sub judice, the trial court was presented with a factual pattern where counsel for the parties, in the presence of their clients, specifically agreed without any equivocation, that Kenner would be responsible for any taxes on the portion of Husband's retirement plan which she received. In addition, the stipulation of the parties adopted by the court on April 22, 2024, in paragraph 9 states: "the Court retains jurisdiction over this matter in the event tax consequences require court intervention."[2]

The parties contemplated that the Court could consider a petition regarding tax consequences at any time. The Order dated December 19, 2024 was not a change or modification of the May 30, 2024 Order, but rather a determination on an issue which was reserved by the Court and by agreement of the parties.

In addition, if the Order dated December 19, 2024 is considered a modification of an Order after 30 days, the present situation presents with extraordinary cause to modify the December 30, 2024 order to conform with

---

[1] Pennsylvania Superior Court Decisions filed after May 1, 2019, may be cited for their persuasive value pursuant to Superior Court O.P. 65.37.
[2] Kenner's Counsel suggested that the Court retain jurisdiction in the event there is a tax issue. 1/24/2024 Transcript, pages 14-15.

5

50

the parties' stipulation that Kenner would be responsible for any taxes on the distribution of Husband's pension to her.

3. The Trial Court's Order Improperly Modified the August 27, 1990 divorce decree because the Property Settlement Agreement did not Delineate a Tax Consequence

The issue of taxes was a major part of the hearing on January 24, 2024, regarding Kenner's Amended Petition for Special Relief. During the course of the hearing, Kenner's counsel stated on more than one occasion, that Kenner would be responsible for taxes on the portion of the retirement funds received. 1/24/2024 Transcript, page 11.

In **Wayda v. Wayda,** 576 A.2d 1060, 1067 (Pa.Super. 1990), the Court stated:

> Parties are free to bind themselves by stipulation on all matters not affecting the jurisdiction and prerogatives of the court, and the court has the power to those stipulations...any matters involving individual rights or obligations of parties may be subject of stipulation...parties may bind themselves by stipulations so long as they do not affect jurisdiction of [the] court and provided stipulations are not in contravention of peremptory statutory requirements.

The PSA and divorce decree did not provide for the payment of taxes. During litigation Kenner agreed to be responsible for the taxes on the money she received from her father's pension plan. The agreement was made by stipulation, during the course of a contested proceeding. That agreement like any other should be enforced.

4. Error in Finding a Stipulation When the Transcript of the January 24, 2024 Hearing was not Entered into Evidence or Judicial Notice Not Taken of the Transcript and there was no Colloquy of the Parties

As previously indicated, the parties are free to enter into a stipulation binding themselves to an agreement. In **Foote v. Maryland Casualty**

6

51

**Company,** 409 Pa. 307, 186 A.2d 255, 258 (1962), our Supreme Court stated:

> This Court has held that whatever does not affect the jurisdiction of the court or the due order of business and convenience of the court is capable of arrangement between the parties **or their counsel,** and an agreement by them will become the law of the case (citing cases)(emphasis added). Any matter which involves the individual rights or obligations of the parties inter se may properly be made the subject of a stipulation between them.

In **Dinenna v. Dinenna,** 2023 WL 5097224, No. 312 MDA 2022, (Pa.Super filed August 9, 2023), the Court enforced an agreement where wife's counsel stated the agreement on the record and counsel for both husband and wife expressed their consent to the language on the record. See also **Black v. Black,** 206 Pa. 116, 55 A. 847 (1903) where the court held an agreement made in open court is effective.

During the hearing on January 24, 2024, the Court asked counsel:

> The Court: Okay. So are those two further stipulations? One is if it is a taxable event from dad to daughter's IRA, daughter will bear and be responsible for the tax. Was that a stipulation?
> Mr. Cali: Yes, that's a stipulation.
> Ms. Yurchak: Yeah, that has to be.
> The Court: And then Stipulation 7 would be that daughter would reimburse father for the tax liability.
> Mr. Cali: If the government taxes him as a result of the transfer to------
> Ms. Yurchak: But I think that the first stipulation that she's responsible takes care of both....
> 1/24/2024 Transcript, page 11.

52

The above language is clear. Counsel agreed in open court with the clients present, that Kenner would be responsible for the taxes because of the transfer of pension funds to her and she would reimburse husband.

The stipulation was in open court during the initial hearing before the court on Kenner's Amended Petition for Special Relief. The proceeding was not in an unrelated case in an unrelated court. The stipulation directly related to the issues before the court.

5. The Trial Court's December 19, 2024, Order violated the Supremacy Clause of the United States Constitution

The effect of the December 19, 2024 Order requires Kenner to be responsible for payment of taxes on funds paid to her as a result of the liquidation of Husband's pension plan. That Order is the result of her agreement in the form of a stipulation. The order does not interpret any Federal Statute or regulation.

The Supremacy Clause of the United States Constitution prohibits States from enacting laws contrary to the federal government's laws. Specifically, it provides that the laws of the United States "shall be the supreme law of the Land;... any Thing in the Constitution or Laws of any State to the contrary notwithstanding." See **Kiak v. Crown Equip. Corp.,** 989 A.2d 385, 390 (Pa.Super. 2010).

The December 19, 2024 does not affect the person who has to pay taxes to the United States Government. The order requires payment between the parties depending on who has to pay the United States Government.

<u>CONCLUSION</u>

The December 19, 2024 Order was entered by the Court to effectuate the agreement of the parties. It is respectfully submitted that the Order is not an abuse of discretion and should be affirmed.

8

53

The Offices of Judicial Records and Services is Directed to file this Opinion, give notice to the parties pursuant to Pa.R.Civ.P. 236 and transmit the same to the Prothonotary of the Superior Court.

BY THE COURT,

_____

Judge Tarah Toohil
